# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DELAWARE STATE HOUSING AUTHORITY, | ) ) ) | C.A. No. N15L-12-074 CLS |
| | ) | Tax Parcel No. 073540234 |
| Plaintiff, | ) ) | Sci. Fa. Sur Mortgage Action |
| v. | ) ) | Mortgage Instrument |
| MICHELLE R. IEVOLI, | ) ) | 20011217-0106929 Assignment Instrument |
| Defendant. | ) ) | 20011217-0106930 |
| | ) ) | |

Date Submitted: July 26, 2018

Date Decided:  July 31, 2018

On Defendant Michelle R. Ievoli's Request for Continuance of Stay

On Writ of Possession

**DENIED.**

## OPINION

Chase N. Miller, Esquire, McCabe, Weisberg & Conway, P.C., 1407 Foulk Road, Suite 102, Wilmington, Delaware, 19803.  Attorney for Plaintiff.

Michelle R. Ievoli, pro se Defendant.

**Scott, J.**

This action arises from a *scire facias sur* mortgage action. Plaintiff Delaware State Housing Authority (DSHA) filed the action against Michelle Ievoli (Ievoli) in 2015. The property was sold at Sheriff's Sale in December 2017.

## Facts and Procedural Background

The facts pertinent to Defendant's request are as follows. DSHA initiated foreclosure on Defendant's home in 2015. A final judgment in favor of DSHA was entered in this action on September 25, 2017. Ievoli did not appeal that judgment. A Sheriff's Sale of the home was completed in December 2017 and confirmed in January 2018. DSHA was the winning bidder at the sale, and the Sheriff's Deed was recorded in February 2018. DSHA then sought and was granted a Writ of Possession on May 29, 2018, with no action to be taken for 60 days. Also on May 29, 2018, Ievoli filed a *pro se* complaint in this Court claiming Negligence on the part of DSHA related to the mortgage of the property.[1] At the same time of filing the complaint Ievoli requested a stay on the writ of possession. This request was denied. Ievoli's Negligence action seeks monetary damages including lost wages, medical bills, damage to her creditworthiness, and legal costs.[2]

---

[1] Citations to the complaint *infra* refer to this *pro se* complaint.
[2] Compl. at 6.

## Parties Assertions

Ievoli filed this emergency request seeking a continuance of the stay on the Writ of Possession pending adjudication of a negligence action. Ievoli's civil suit alleges DSHA was negligent in its selection and supervision of Bank of America (BOA) as a mortgaging servicer. Ievoli highlights newspaper articles and judgments against BOA as proof DSHA had notice of questionable practices ongoing with BOA's mortgage business. Ievoli asserts that DSHA owed a duty to "stop ongoing illegal actions."[3] Ievoli's complaint, in brief, seeks to hold DSHA liable for the actions of its subcontractor BOA.[4]

DSHA argues the Court has previously denied a stay on this Writ of Possession. DSHA urges that under the four-prong test adopted by this Court and the Delaware Supreme Court Ievoli's motion fails and should be denied. DSHA argues there is little chance of success on the merits for Ievoli's complaint. DSHA argues that Ievoli's complaint is procedurally barred by the statute of limitations, res judicata, and collateral estoppel. As to the merits of the complaint, DSHA argues Ievoli's complaint fails to show DSHA owed a duty of care to Ievoli.

---

[3] Compl. at 2.
[4] *Id*.

DSHA urges that as the complaint seeks only monetary damages there is no chance of irrevocable injury should the stay be denied.  DSHA points to the final adjudication of this matter as evidence Ievoli will not be injured.  DSHA claims they are now the owners of the property, and as such they are entitled to possession.  DSHA argues that even if successful on the merits, Ievoli's award would be monetary and independent from the result of this action.

DSHA claims they will continue to suffer substantial harm if the stay is granted.  DSHA indicates they continue to be financially liable for the home as Ievoli has not made payments since 2015.

DSHA finally argues that public interest will be harmed if the stay is granted.  DSHA urges that the public is best served by speedy resolution of title and possession issues.  DSHA urges that lingering property disputes often result in blight and other negative community impacts.

## Standard of Review

Ievoli's motion is not an appeal from the judgment in the foreclosure action, but rather seeks to stay further proceedings pending the outcome of a new action.  However, the Court finds the stay pending appeal standard of review to be relevant to the instant case.

In determining whether to stay a decision pending appeal this Court and the Delaware Supreme Court have adopted the four-prong test utilized in *Evans v. Buchanan.*[5] The test requires the Court "(1) to make a preliminary assessment of likelihood of success on the merits of the appeal; (2) to assess whether the petitioner will suffer irreparable injury if the stay is not granted; (3) to assess whether any other interested party will suffer substantial harm if the stay is granted; and (4) to determine whether the public interest will be harmed if the stay is granted."[6] The Court must analyze all four prongs of the test in determining whether to grant a stay.[7]

## Analysis

### *Likelihood of success of Ievoli's negligence action*

In her complaint Ievoli claims one ground for relief, negligence. The Court must first review any procedural bars to Ievoli's action before reviewing the merits of her case. Based on the complaint, and reviewing the complaint in light most favorable to Ievoli, the Court in finds 10 *Del. C.* §8106 to be applicable. Under the statute "no action based on a detailed statement of the mutual demands in the nature of debit and credit between parties arising out of contractual or fiduciary relations,

---

[5] *Evans v. Buchanan*, 435 F.Supp. 832, 841–42 (D.Del.1977).
[6] *Kirpat, Inc. v. Delaware Alcoholic Beverage Control Comm'n*, 741 A.2d 356, 357 (Del. 1998).
[7] *Id.*

5

[…] shall be brought after the expiration of 3 years from the accruing of the cause of such action."[8]

Ievoli's complaint alleges actions dating from 2012 through November of 2014 constituted negligence on the part of DSHA.[9] The three year statute of limitations would require any action brought under the contract between Ievoli and DSHA to be brought before November 2017. Without making a final judgment on the negligence action it appears that the complaint is procedurally barred by the statute of limitations.

Moving to the merits of Ievoli's claim of whether DSHA should be held liable for the actions of its subcontractor, the Court must determine if a duty was owed to Ievoli. Ievoli's negligence complaint appears to rely on either the doctrine of respondeat superior or negligent hiring and supervision. Under respondeat superior, an employer can be held liable for the negligent actions of his employee. Similarly, under a theory of negligent hiring and supervision "the employer is negligent in giving improper or ambiguous orders or in failing to make proper regulations, or in the employment of improper persons involving risk of harm to others, or in the

---

[8] 10 *Del. C.* § 8106.
[9] *See generally* Compl.

supervision of the employee's activity."[10]  To succeed on either of these theories it is necessary to conclude that BOA was an agent under the direct control of DSHA.

If a party is subjected to only general control and direction under a contract, that party is generally deemed to be an independent contractor.[11]  Delaware recognizes the general rule that a "contractee will not be held liable for the torts of an independent contractor which are committed in the performance of the contracted work."[12]  However, if the "contractee retains control over the activities of an independent contractor, the owner or contractee will be held liable for the torts of the independent contractor."[13]

The Court is not persuaded that Ievoli's claim will be successful.  Without deciding the merits of Ievoli's complaint, the case as presented in the complaint is not likely to be successful in holding DSHA liable for failing to oversee BOA.

---

[10] *Simms v. Christina Sch. Dist.*, 2004 WL 344015, at *8 (Del. Super. Ct. Jan. 30, 2004).
[11] *Fisher v. Townsends, Inc.*, 695 A.2d 53, 58 (Del. 1997).
[12] *Fisher v. Townsends, Inc.*, 695 A.2d 53, 58 (Del. 1997).
[13] *Id.*

*Possibility of irreparable injury if the stay is not granted*

In reviewing the possibility of irreparable injury, the Court reviews the record in this case and Ievoli's complaint. DSHA is the legal owner of the home. Ievoli remains in possession of the home.

Ievoli's complaint seeks an award of monetary damages from DSHA, it is not an appeal of the foreclosure for which a final judgment has been made. Ievoli may feel that the loss of the home would be an irreparable injury, but allowing DSHA to take possession of the property does not preclude Ievoli from pursuing the negligence suit.

*Possibility of harm to DSHA and the public*

DSHA argues that Ievoli has resided on the property since June 1, 2015, without making payments. DSHA claims they remain financially liable for the property including paying taxes and insurance. To allow Ievoli to reside on the premises would continue to harm DSHA by requiring them to remain liable for the property.

The *scire facias sur* mortgage process provides an opportunity for the parties to litigate many of the issues presented in Ievoli's negligence complaint. This process requires the mortgagor "appear before the Court to show cause, if there is any, why the mortgaged premises ought not to be seized and taken in execution for

8

payment of the mortgage money with interest[.]"[14] That process is now complete, and this Court has entered Judgment in favor of DSHA. Ievoli's negligence complaint cannot now serve to show cause why the property ought not be delivered into the possession of DSHA. The public interest requires this Court to adhere to the statutory process and judicial precedent.

## Conclusion

The property in question has been the subject of litigation since the initial filing of foreclosure on December 16, 2015. The parties were each granted an opportunity to present their case. This Court entered a final judgment in September 2017. The Court granted a Writ of Possession for the property in May of this year with no action to be taken for 60 days. The *scire facias sur* mortgage action has now come to a conclusion and Ievoli must cede possession of the property.

Without reaching a decision in Ievoli's negligence suit, the Court is not convinced of the likelihood of success on the merits. Ievoli will not be subjected to irreparable injury should DSHA take possession of the property. However, DSHA will continue to sustain harm should Ievoli continue to occupy the home.

---

[14] 10 *Del. C.* §5061.

For the foregoing reasons, Defendant's Request for Continuance of Stay on Writ of Possession is **DENIED**.

**IT IS SO ORDERED.**

/s/ Calvin L. Scott

**Judge Calvin L. Scott, Jr.**