# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DEUTSCHE BANK AG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 2017-0822-AGB |
| | ) | |
| DEVON PARK BIOVENTURES, L.P., | ) | |
| DEVON PARK ASSOCIATES, L.P., | ) | |
| SEBASTIAN HOLDINGS, INC., and | ) | |
| UNIVERSAL LOGISTIC MATTERS, | ) | |
| S.A., | ) | |
| | ) | |
| Defendants. | ) | |
| DEVON PARK BIOVENTURES, L.P., | ) | |
| | ) | |
| Counterclaim Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DEUTSCHE BANK AG, | ) | |
| | ) | |
| Counterclaim Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| SEBASTIAN HOLDINGS, INC. and | ) | |
| UNIVERSAL LOGISTIC MATTERS, | ) | |
| S.A., | ) | |
| Crossclaim Defendants. | ) | |

**ORDER DENYING CPR MANAGEMENT'S CORRECTED
APPLICATION FOR CERTIFICATION OF INTERLOCUTORY APPEAL
AND MOTION FOR A STAY PENDING APPEAL**

WHEREAS:

A.    In November 2017, Deutsche Bank AG ("Deutsche Bank") filed this action in aid of its efforts to collect on a judgment now exceeding $300 million that Deutsche Bank had obtained against Sebastian Holdings, Inc. ("SHI"), an entity controlled by Alexander Vik. Deutsche Bank alleges that SHI has engaged in a series of unlawful transactions to frustrate its collection of that judgment.

B.    This case concerns one of those allegedly unlawful transactions: SHI's transfer of its interest in a Delaware entity known as Devon Park Bioventures, L.P. ("Devon Park")—a venture capital fund—to CPR Management, S.A. ("CPR") (f/k/a Universal Logistic Matters, S.A.),[1] which allegedly is owned by Vik's father. The transfer was effectuated under an Assignment and Assumption Agreement, dated as of August 22, 2014. That agreement, which is governed by Delaware law, appoints the general partner of Devon Park (another Delaware entity known as Devon Park Associates, L.P.) as CPR's attorney-in-fact, with the authority to act on CPR's behalf to execute and file various documents.

C.    CPR and SHI, which are both foreign entities, moved to dismiss the case against them for lack of personal jurisdiction, which prompted Deutsche Bank to seek jurisdictional discovery. CPR and SHI objected to providing this discovery.

---

[1] CPR's Mot. to Dismiss Opening Br. 5 (Dkt. 104).

D.  On July 27, 2018, the court entered an order granting in part and denying in part Deutsche Bank's motion to compel jurisdictional discovery. The net result of the court's ruling was to permit document discovery and interrogatories concerning three specific topics.[2] The court rejected a number of Deutsche Bank's theories for jurisdictional discovery and its request to take depositions except upon leave of court after the written discovery was completed. The implementing order explains that the court's decision on whether to permit depositions would "largely be guided by what, if any, additional evidence of substantial acts in Delaware has actually been uncovered."[3] Unfortunately, the jurisdictional discovery the court authorized almost one year ago has not proceeded smoothly and is still not complete.

E.  On December 17, 2018, Deutsche Bank moved to compel discovery and sought sanctions. At the conclusion of a hearing held on February 4, 2019, the court expressed concern that complete searches were not done to locate documents responsive to the three categories the court had delineated in the July 2018 order, and that CPR was obstructing discovery by improperly concealing the identity of its principal(s)—information that is relevant to identifying the appropriate custodians for document searches and preparing a privilege log.[4] After expressing these

---

[2] Dkt. 153 ¶ 2(a)-(c).

[3] *Id.* ¶ 7.

[4] *See* Tr. 87-93 (Feb. 4, 2019) (Dkt. 192).

3

concerns, the court directed the parties to meet and confer based on the court's guidance.

F.     On April 8, 2019, Deutsche Bank renewed its motion to compel discovery, which CPR and SHI both opposed.   CPR also cross-moved for "clarification" of the July 2018 order and to obtain affirmative discovery from Deutsche Bank and Devon Park.

G.     On June 12, 2019, the court entered three orders:  (i) an order granting in part and denying in part Deutsche Bank's renewed motion to compel discovery,[5] (ii) an order denying CPR's cross-motion for discovery,[6] and (iii) a scheduling order for completing the jurisdictional discovery so that this chapter of the case could be brought to closure promptly.[7]  No hearing was needed to resolve these issues.

H.     The first of these three orders (hereafter, the "June 2019 order") did not change the scope of discovery the court had ordered in July 2018, but merely provided clarifications (*e.g.*, concerning search terms, custodians, and privilege logs) to complete that discovery.  Indeed, the June 2019 order expressly states that "only documents that fall into one of the three categories [set forth in the July 2018 order] will need to be produced from the documents collected using search terms."[8]  To

---

[5] Dkt. 221.

[6] Dkt. 222.

[7] Dkt. 223.

[8] Dkt. 221 (modification to ¶ 7).

4

address the court's concern that CPR had been obstructing discovery, the June 2019 order required that CPR identify in its privilege log the "individual serving as the agent of CPR with respect to any document withheld on the grounds of privilege" and that such person be included as a custodian for document searches.[9]

I.      On June 24, 2019, CPR filed an application for certification of an interlocutory appeal of the June 2019 order, which CPR corrected on June 25, 2019. SHI, the other party that is required to comply with the June 2019 order, has not sought interlocutory review of the June 2019 order.

J.      On June 27, 2019, CPR filed a motion for a stay pending appeal, which SHI joined on June 28, 2019.

NOW THEREFORE, the court having considered the parties' submissions, IT IS HEREBY ORDERED, ADJUDGED, and DECREED this 15th day of July, 2019, as follows:

### *Application for Certification of Interlocutory Appeal*

1.      Supreme Court Rule 42 provides that an interlocutory appeal will not be certified "unless the order of the trial court decides a substantial issue of material importance that merits appellate review before a final judgment."[10] In my view, appellate review at this time is not warranted for several reasons.

---

[9] *Id.* (modifications to ¶¶ 5-6).
[10] Sup. Ct. R. 42(b)(i).

2.     First, appellate review is not warranted now because CPR's application is untimely. In the court's view, CPR is—in reality—attempting to relitigate this court's July 2018 order. As explained above, the June 2019 order did not break new ground. It simply provided additional direction to ensure that CPR and SHI conduct complete searches in order to identify all documents (and not just cherry-picked documents) responsive to the three categories of jurisdictional discovery the court delineated in the July 2018 order. The time for seeking interlocutory review of that order expired almost one year ago.

3.     Second, appellate review is not warranted now because the June 19 order concerns a routine (albeit unduly contested) jurisdictional discovery dispute and does not decide a substantial issue of material importance.[11] Generally speaking, the "substantial issue" prong of Rule 42 requires "a matter that goes to the merits of the case."[12]     Discovery orders typically do not meet this standard absent "extraordinary" circumstances,[13] and CPR has not identified any "extraordinary" circumstances in my opinion. CPR portrays the issue for appeal as one over personal jurisdiction, arguing that interlocutory appeals have been granted to determine issues

---

[11] *See Hitachi Koki Co., Ltd. v. Cardona*, 207 A.3d 1128, 1128 (2019) (Table) (refusing to hear an interlocutory appeal and "giving great weight to the trial court's view," which included that personal jurisdiction was not a "substantial issue of material importance").

[12] *TowerHill Wealth Mgmt., LLC v. Bander Family P'ship, L.P.*, 2008 WL 4615865, at *2 (Del. Ch. Oct. 9, 2008).

[13] *McCann v. Emgee, Inc.*, 1993 WL 541922, at *1 (Del. Dec. 22, 1993).

6

of personal jurisdiction. The court, however, has yet to issue any ruling on whether personal jurisdiction exists over CPR or SHI. Jurisdictional discovery needs to be completed before the court can decide that issue.

4. Third, appellate review is not warranted now based on consideration of any of the eight criteria that "the trial court should consider" under Rule 42 when evaluating an interlocutory appeal.[14] CPR mouths the words of several of these factors, but none of them present a compelling reason for interlocutory review.

5. CPR argues that the "legal standards for jurisdictional discovery" in Delaware "are a question of first instance . . . in which trial court decisions conflict" and which has "constitutional implications that should be settled by the State's highest court."[15] Although neither party mentions any Delaware Supreme Court precedent expressly addressing the legal standard for jurisdictional discovery, Chancellor Allen addressed this issue over 28 years ago relying on precedent from the United States Supreme Court and no showing has been made that there is a genuine conflict among the trial courts in Delaware concerning the application of the "non-frivolous ground for jurisdiction" standard he articulated.[16] That is the

---

[14] Sup. Ct. R. 42(b)(iii).

[15] CPR's Application for Cert. of Interlocutory Appeal ("Appl.") ¶ 16.

[16] *Hart Hldg. Co. Inc. v. Drexel Burnham Lambert Inc.*, 593 A.2d 535, 539-40 (Del. Ch. 1991) ("Only where the facts alleged in the complaint make any claim of personal jurisdiction over defendant frivolous, might the trial court, in the exercise of its discretionary control over the discovery process, preclude reasonable discovery in aid of establishing personal jurisdiction") (citing *Ins. Corp. of Ireland v. Compagnie des Bauxites*

7

standard the court applied in this case in entering the July 2018 order—without any timely challenge by CPR.[17]

6. CPR also argues that ruling in CPR's favor may terminate the action for at least two of the three defendants, *i.e.*, CPR and SHI.[18] This is incorrect. Irrespective of the outcome of any appeal of the June 2019 order, the case would not be over for CPR or SHI. They would still need to finish briefing their pending motions to dismiss for lack of personal jurisdiction, taking into account whatever arguments Deustche Bank may advance based on the jurisdictional discovery produced so far, and court would still need to rule on those motions before either CPR or SHI could be dismissed from this case.

7. Finally, CPR intimates that the Delaware Supreme Court should revisit its jurisprudence concerning conspiracy jurisdiction in light of a 2014 decision of the United States Supreme Court.[19] That issue is not ripe as no ruling has been made about personal jurisdiction.

---

*de Guinee*, 456 U.S. 694, 708-09 (1982)); *see also Compagnie des Bauxites de Guinee v. L'Union Atlantique S.A. D'Assurances*, 723 F.2d 357, 362 (3d Cir. 1983) ("Where the plaintiff's claim is not clearly frivolous, the district court should ordinarily allow discovery on jurisdiction in order to aid the plaintiff in discharging that burden.").

[17] *See* Tr. 4-6 (July 20, 2018) (Dkt. 157).

[18] Appl. ¶ 16.

[19] Appl. ¶¶ 18-20.

8

8.    Supreme Court Rule 42 states that "[i]nterlocutory appeals should be exceptional, not routine, because they disrupt the normal procession of litigation, cause delay, and can threaten to exhaust scare party and judicial resources."[20] In the court's opinion, CPR's application is a dilatory tactic, devoid of merit, that already has wasted trial court resources, would waste appellate resources over a routine judgment call, and would open the door to piecemeal appeals that would undermine the normal process of litigation.  For the foregoing reasons, the application for certification of an interlocutory appeal is denied.

*Motion for Stay Pending Appeal*

9.    On June 27, 2019, CPR moved for a stay pending appeal of the court's June 2019 order. SHI filed a one-paragraph joinder to this motion the next day.

10.    When considering a motion for a stay pending appeal, the reviewing court is required: "(1) to make a preliminary assessment of likelihood of success on the merits of the appeal; (2) to assess whether the petitioner will suffer irreparable injury if the stay is not granted; (3) to assess whether any other interested party will suffer substantial harm if the stay is granted; and (4) to determine whether the public interest will be harmed if the stay is granted."[21]

---

[20] Sup. Ct. R. 42(b)(ii).

[21] *Kirpat, Inc. v. Del. Alcoholic Beverage Control Comm'n*, 741 A.2d 356, 357 (Del. 1998).

11.    With respect to the first element, the court believes that the merits of CPR's appeal are extraordinarily weak. In addition to the untimeliness of CPR's application for interlocutory review and the other reasons explained above for why that application is without merit, the essence of the appeal is an attempt to second guess an exercise of judicial discretion over the discovery process, which should be governed on appeal by an abuse of discretion standard.

12.    With respect to the second element, CPR and SHI have not shown that they will suffer irreparable injury if a stay is not granted. CPR waited more than two weeks after entry of the June 2019 order before filing its stay motion, which belies any genuine sense of urgency or threatened irreparable injury. Additionally, the discovery that has been ordered is limited in scope to three specific categories of written discovery and the parties stipulated to the entry of a confidentiality order that restricts access to and the use of information that CPR and SHI provide in discovery.[22]

13.    With respect to the third and fourth elements, no showing has been made that any other interested party or the public will be impacted one way or other by the court's disposition of the stay motion.

---

[22] *See* Dkt. 163. As explained above, the court has prohibited depositions absent obtaining leave of court after the conclusion of written discovery.

14. For the foregoing reasons, the motion for a stay pending appeal is denied.

_____
Chancellor