KIRPAT, INC., a Delaware corporation, Appellant Below–Appellant,

v.

DELAWARE ALCOHOLIC BEVERAGE CONTROL COMMISSION, an agency of the State of Delaware, Appellee Below–Appellee.

No. 177, 1998.

Supreme Court of Delaware.

Submitted: May 11, 1998.
Decided: June 12, 1998.

John H. Benge, Jr., Wilmington, Delaware, for appellant.

Allison E. Reardon, Deputy Attorney General, Department of Justice, Wilmington, Delaware, for appellee.

BERGER, Justice:

The Court has before it a motion for a stay pending appeal filed by the appellant, Kirpat, Inc. ("Kirpat"). Kirpat seeks to stay an order of the Superior Court, which affirmed a decision by the appellee, the Delaware Alcoholic Beverage Control Commission ("the Commission"), revoking Kirpat's retail liquor license. Kirpat filed a motion for a stay pending appeal with the Superior Court in the first instance. *See* Supr.Ct.R. 32(a). The Superior Court denied Kirpat's motion to stay on the ground that Kirpat had failed to establish

a likelihood of success on the merits of the appeal. Upon review, we find that the Superior Court misapplied the standards for granting a stay pending appeal. We further conclude that the factors in this case favor entry of a stay.

### Superior Court Proceedings

Kirpat filed a consolidated appeal with the Superior Court from three decisions entered by the Commission on July 24, 1997. In its decisions, the Commission found Kirpat guilty of three separate charges of selling alcohol to an underage individual in violation of 4 Del.C. § 708(a)(1). The sales apparently were made by a single Kirpat employee during a six week period from March 14, 1997 to April 30, 1997. In its third decision of July 24, 1997, the Commission found Kirpat guilty of "repeatedly and continuously" violating the Delaware Liquor Control Act and, therefore, revoked Kirpat's retail liquor license pursuant to its authority under 4 Del.C. § 561(b).

Kirpat raised four issues in its appeal to the Superior Court. First, Kirpat argued that the Commission misconstrued the "repeated and continuous" standard of Section 561(b), which led the Commission to improperly impose an enhanced penalty. Second, Kirpat argued that the Commission abused its discretion under the circumstances by imposing the severest sanction of revocation. Third, Kirpat asserted that the Commission improperly considered hearsay evidence of Kirpat's "reputation." Finally, Kirpat argued that there was insufficient evidence of a "sale" with respect to one of the charges.

The Superior Court, in a nineteen page order dated March 31, 1998, concluded that the Commission's findings of fact and the sanctions imposed were supported by substantial evidence on the record and free from error of law. It affirmed the Commission's decisions and, effective April 30, 1998, vacated a previously-imposed stay of the Commission's revocation order.

### Stay Pending Appeal Standard of Review

Pursuant to Supreme Court Rule 32(a), "A stay or injunction pending appeal may be granted or denied in the discretion of the trial court, whose decision shall be reviewable by this Court." Accordingly, this Court must review the Superior Court's refusal to stay the Commission's revocation decision in this case for abuse of discretion.[1]

In reviewing Kirpat's motion for a stay of the Commission's revocation decision pending appeal to this Court, the Superior Court applied the four-prong *Evans v. Buchanan*[2] test which requires the reviewing court: (1) to make a preliminary assessment of likelihood of success on the merits of the appeal; (2) to assess whether the petitioner will suffer irreparable injury if the stay is not granted; (3) to assess whether any other interested party will suffer substantial harm if the stay is granted; and (4) to determine whether the public interest will be harmed if the stay is granted.[3] The Superior Court concluded that Kirpat did not make a strong showing that it was likely to succeed on the merits of the appeal. The Superior Court, therefore, denied Kirpat's motion for a stay without analyzing any of the three remaining factors of the four-prong test.

We find the Superior Court's analysis to be incomplete. By narrowly focusing only on Kirpat's likelihood of success on appeal, the Superior Court failed to consider all of the relevant factors together to determine where the appropriate balance should be struck .[4] As the federal

1. *Owens Corning Fiberglas Corp. v. Carter,* Del.Supr., 630 A.2d 647, 649 (1993).

2. 435 F.Supp. 832, 841–42 (D.Del.1977).

3. *See also Virginia Petroleum Jobbers Ass'n v. Federal Power Comm'n,* 104 U.S.App.D.C. 106, 259 F.2d 921, 925 (D.C.Cir.1958).

4. *See Chevron Chem. Co. v. Costle,* 499 F.Supp. 745, 747 (D.Del.1980). *See also Ev-*

district court in *Evans v. Buchanan* noted, the "likelihood of success on appeal" prong cannot be interpreted literally or in a vacuum when analyzing a motion for stay pending appeal.[5] A motion for stay, unlike a petition for preliminary injunction, requires the trial court to analyze the likelihood of success on appeal *after* the trial court already has considered and issued its final determination on the merits of the case. Requiring a literal reading of the "likelihood of success on appeal" standard "would lead most probably to consistent denials of stay motions, despite the immediate threat of substantial irreparable injury to the movant" because the trial court would be required first to confess error in its ruling before it could issue a stay.[6]

We find that a more reasonable approach to this issue is to balance all of the equities involved in the case together.[7] Such an approach means that the necessary degree of probability of success on the merits of the appeal will vary from case to case and "will vary according to the court's assessment of the other factors ."[8] If the other three factors strongly favor interim relief, then a court may exercise its discretion to reach an equitable resolution by granting a stay if the petitioner has presented a serious legal question that raises a "fair ground for litigation and thus for more deliberative investigation."[9] Such an approach accords with the general trend in other jurisdictions away from a literal mathematical "probability" requirement.[10]

■ Turning now to an application of those standards to the present case, we conclude that Kirpat has raised a serious legal question and that the hardship factors weigh heavily in favor of maintaining the status quo.

### This Case

#### A. Likelihood of success on appeal

In its response to the motion for stay, the Commission does not dispute Kirpat's contention that the issue it raises on appeal regarding the proper construction of 4 Del.C. § 561(b) is an issue of first impression. Moreover, the Commission concedes that this Court has not considered previously the "repeated and continuous" standard of Section 561(b). Thus, we conclude that Kirpat's appeal presents a substantial question that is "a fair ground for litigation and . . . more deliberative investigation."[11]

#### B. Irreparable harm

The Commission also does not dispute Kirpat's contention that it will suffer irreparable harm if a stay is not granted. It is undisputed on this record that, if a stay is not granted, then Kirpat will suffer the seizure of its inventory, loss of its customer base, and loss of its employees. In short, Kirpat will lose its business. We find the harm to Kirpat if a stay is not granted to be irreparable.

#### C. Harm to the Commission and the public

In contrast to the harm to Kirpat in having its liquor license revoked and thus

ans v. Buchanan, 435 F.Supp. at 842 ("As a court of equity exercising its discretionary authority, it is essential that in the final analysis all four factors be considered together and the relative showings be measured.").

5. *Evans v. Buchanan*, 435 F.Supp. at 843–44.

6. *Id.* at 843.

7. *Id.* at 844. *See also Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 182 U.S.App. D.C. 220, 559 F.2d 841, 843 (D.C.Cir.1977).

8. *Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 182 U.S.App.D.C. 220, 559 F.2d at 843.

9. *Id.* at 844.

10. *See generally* 11A Charles A. Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice & Procedure* § 2948.3 (1995). *See also Pennsylvania Public Utility Comm'n v. Process Gas Consumers Group*, 502 Pa. 545, 467 A.2d 805 (1983).

11. *Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 182 U.S.App. D.C. 220, 559 F.2d at 844.

losing its business, there is no indication on the record that a stay pending appeal will result in substantial harm to either the Commission or to the public at large. Indeed, the Commission does not raise any such argument. Although a business that sells alcohol to underage individuals may pose a threat to the welfare of the general public, the service performed by Kirpat is not contrary to public interest if it operates within the established guidelines. The Commission does not dispute that, since the Commission's revocation decision, Kirpat has continued to operate its business and has done so in full compliance with applicable law. Furthermore, the record reflects that the employee involved in the three violations attributed to Kirpat has been terminated from his position. Therefore, under these circumstances, we do not find a substantial threat of harm to either the Commission or to the public if a stay is granted.

### Conclusion

Having considered all four of the relevant factors together, we conclude that, on the balance, the hardship factors strongly favor the imposition of a temporary stay of the Commission's revocation decision pending the outcome of this appeal. Kirpat's motion for stay, therefore, is granted. The judgment of the Superior Court on Kirpat's motion for stay is hereby REVERSED, and the matter is REMANDED to the Superior Court to set the terms of the supersedeas bond. *See* Del. Const. art. IV, § 24; Supr.Ct.R. 32(c). Jurisdiction is retained. Supr.Ct.R. 19(c).