**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

JOSEPH R. SLIGHTS III
VICE CHANCELLOR

417 S. State Street
Dover, Delaware 19901
Telephone: (302) 739-4397
Facsimile: (302) 739-6179

Date Submitted: November 9, 2017
Date Decided: November 20, 2017

C. Scott Reese, Esquire
Cooch and Taylor, P.A.
1000 West Street, 10th Floor
Wilmington, DE 19801

James J. Haley, Jr., Esquire
Ferrara & Haley
1716 Wawaset Street
Wilmington, DE 19806

Re: *Frank Robino III v. Paul Robino*
C.A. No. 10871-VCS

Dear Counsel:

To follow is my decision on Defendant, Charles Robino's Motion to Stay Execution on Appeal. (DI 134). When deciding whether a stay is appropriate under Court of Chancery Rule 62 and Supreme Court Rule 32(a), the Court must: (1) make a preliminary assessment of the likelihood of success on the merits of the appeal; (2) assess whether the petitioner will suffer irreparable injury if the stay is not granted; (3) assess whether any other interested party will suffer substantial harm if the stay is granted; and (4) determine whether the public interest will be harmed if

the stay is granted.[1]  When assessing the likelihood of success on appeal, the court

considers whether the appeal raises "a substantial question that is a fair ground for

litigation and . . . more deliberative investigation."[2]  After reviewing Defendant's

motion, I cannot conclude that Mr. Robino's appeal meets this standard.

According to the Defendant, he will appeal the Court's denial of his motion

to disqualify the law firm of Cooch & Taylor PA as counsel for the Plaintiff.  He

contends that the Court did not give proper consideration to his motion.  While it is

correct that the Court's letter, dated October 6, 2017 (DI 126), did not reference

Defendant, Charles Robino's initial motion to disqualify (DI 79), that does not mean

the Court did not consider the merits of the motion when determining that it should

be denied.  Mr. Robino filed his motion to disqualify and then shortly thereafter

submitted to voluntary mediation with the Plaintiff (knowing that Cooch & Taylor

was serving and would serve as counsel to the Plaintiff).  Mr. Robino was

represented at the mediation by his own counsel.  He agreed to a binding settlement

---

[1] *Kirpat, Inc. v. Del. Alcoholic Beverage Control Comm'n*, 741 A.2d 356, 357 (Del. 1998).

[2] *Id.* at 358.

at that mediation.  That he believed before mediation, or believes now, that Cooch & Taylor should be disqualified as counsel cannot serve as a basis for Mr. Robino to avoid the settlement he reached after voluntarily participating in a mediation, without objection, where Cooch & Taylor represented his adversary.  This is particularly so given that he knew full well all of the circumstances that he believed justified disqualification at the time of the meditation.

The Motion to Stay Execution on Appeal is **DENIED**.

**IT IS SO ORDERED.**

Very truly yours,

*/s/ Joseph R. Slights III*