# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ROBERT KRAVIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CA No: S22A-04-001-MHC |
| | ) | |
| JUSTICE OF THE PEACE COURT 17 | ) | |
| and MHC MCNICOL PLACE, | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER
Submitted: April 19, 2022
Decided: April 20, 2022

This 20th day of April, 2022, it appears to the Court that:

(1) On April 9, 2022, Petitioner Robert Kravis ("Petitioner") filed a petition for a Writ of Certiorari for review of a summary possession decision of the Justice of the Peace Court. On April 11, 2022, Petitioner filed a motion for stay of eviction pending this Court's consideration of the Writ of Certiorari. Respondent MHC McNicol Place filed a response to the motion on April 14, 2022. The Court held oral argument on the motion on April 19, 2022.

(2) In considering a motion to stay, the Court is required (1) "to make a preliminary assessment of likelihood of success on the merits of the appeal; (2) to assess whether the petitioner will suffer irreparable injury if the stay is not granted; (3) to assess whether any other interested party will suffer substantial harm if the stay is granted; and (4) to determine whether the public interest will be harmed if the stay is granted."[1]

---

[1] *Kirpat, Inc. v. Delaware Alcoholic Beverage Control Comm'n*, 741 A.2d 356, 357 (Del. 1998).

(3) After carefully analyzing all four factors it is apparent that Petitioner will suffer irreparable injury if the stay is not granted and he is evicted due to his age and health. Andrew Losonczy and Allison Jacobs are interested parties as they reside with Petitioner at the property in question and act as caregivers. They too will suffer substantial harm if the stay is not granted. However, the Court is aware that it was their inaction that caused this litigation. Respondent MHC McNicol Place will not suffer substantial harm if the stay is granted as rent continues to be paid and there is no evidence that Petitioner, Losonczy or Jacobs are a nuisance in the community. Similarly, the public will not be harmed if the stay is granted. As to the first factor, additional briefing and analysis is required to determine whether Petitioner will succeed on the merits of the Writ of Certiorari based on the preliminary arguments raised by both parties.

(4) Considering all of the relevant factors and "balanc[ing] all of the equities involved in the case together,"[2] the Court determines that the stay shall be granted. Petitioner shall continue to pay rent when due.

(5) Accordingly, the motion to stay is **GRANTED** until a decision is issued on the Writ of Certiorari.

**IT IS SO ORDERED.**

/s/ *Mark H. Conner*
Mark H. Conner, Judge

cc: Prothonotary

---

[2] *Id.* at 385.

2