# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

AMVETS POST NO. 2,                          )
                                            )
      Appellant,                    )
                                            )
    v.                                      )    CA No: S22A-03-001 MHC
                                            )
THE DELAWARE BOARD OF                       )
CHARITABLE GAMING,                          )
                                            )
      Appellee.                     )

## ORDER

Submitted: May 3, 2022
Decided: May 4, 2022

This 4th day of May, it appears to the Court that:

1. On March 2, 2022, Appellant Amvets Post No. 2 ("Appellant") filed a timely appeal of a decision of the Delaware Board of Charitable Gaming (the "Board") issued on February 23, 2022. Appellant is a nonprofit veterans organization which previously was granted a charitable gaming permit. Appellant uses charitable gaming to raise funds to donate to other charitable organizations.

2. The Board determined that Appellant violated the Delaware Constitution, state statutes and board regulations for conduct including the use of progressive jackpots or carryover jackpots in relation to its charitable gaming activity. Accordingly, the Board barred Appellant or any affiliated entities from

conducting charitable gaming activities until at least February 23, 2023. On March 17, 2022, Appellant filed a motion to stay the Board decision. The State, on behalf of the Board, filed a response to the motion on March 24, 2022. Appellant filed a reply on March 25, 2022. The Court held oral argument on the motion on May 3, 2022. At that time, Appellant stated that if the stay was granted, it would refrain from conducting progressive jackpot games while the stay is in effect. Briefing has not occurred on the merits of the appeal.

3. To determine whether a motion to stay should be granted, the Court is required (1) "to make a preliminary assessment of likelihood of success on the merits of the appeal; (2) to assess whether the [appellant] will suffer irreparable injury if the stay is not granted; (3) to assess whether any other interested party will suffer substantial harm if the stay is granted; and (4) to determine whether the public interest will be harmed if the stay is granted."[1]

4. The Court finds that Appellant will suffer irreparable injury if the stay is not granted and thus no longer able to conduct charitable gaming activities. Appellant's counsel stated at oral argument that the penalties imposed by the Board will lead to the termination of employees of the Appellant, as well as a decrease in community engagement. The charitable organizations that receive donations from Appellant as a result of the charitable gaming activity

---

[1] *Kirpat, Inc. v. Delaware Alcoholic Beverage Control Comm'n*, 741 A.2d 356, 357 (Del. 1998) (citing *Evans v. Buchanan*, 435 F.Supp. 832, 841–42 (D.Del. 1977)).

2

will also suffer harm if the stay is not granted due to a decrease in donations by Appellant. The State acknowledged at oral argument that neither the State nor the public will suffer substantial harm if the stay is granted under the condition that Appellant refrains from conducting progressive jackpot games while the stay is in effect. Moreover, there is no reason to believe that Appellant has engaged in gaming for purposes other than raising money for charity. At this time, it is not clear whether Appellant will succeed on the appeal. Briefing on the merits of the appeal and further analysis is required. As such, the first factor does not weigh strongly in either direction.

5. Considering all four factors and "balanc[ing] all of the equities involved in the case together,"[2] the Court determines that the stay shall be granted under the condition that Appellant is prohibited from conducting progressive jackpot games while this stay is in effect.

6. Accordingly, Appellant's motion to stay is **GRANTED** until a decision is issued on the appeal.

**IT IS SO ORDERED.**

/s/ Mark H. Conner
Mark H. Conner, Judge

---

[2] *Id.* at 385.

3