# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| WELLS FARGO BANK, NA, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. N19L-07-016 MAA |
| | ) | |
| v. | ) | |
| | ) | |
| SARITA M. BANNING and | ) | |
| WILLIAM C. BANNING, JR., | ) | |
| | ) | |
| Defendants. | ) | |

**Date Submitted: August 16, 2022**
**Date Decided: September 7, 2022**

## ORDER

This 7th day of September, 2022, upon consideration of Defendants Sarita M. Banning and William C. Banning, Jr.'s ("Defendants") Motion for Stay of Writ of Possession Pending Appeal (the "Motion to Stay"), the Response of the Secretary of Veterans Affairs, an Officer of the United States ("VA") to the Defendants' Motion for Stay of Writ of Possession Pending Appeal, the entire record in this case and Delaware statutory and case law, it appears that:

1.    On August 10, 2022, Defendants filed their Motion to Stay, objecting to the Court-ordered foreclosure of their property at 406 Virginia Drive, Middletown, DE (the "Property"), the subsequent sheriff's sale of the Property on January 11, 2022, and the Writ of Possession dated August 8, 2022.

1

# BACKGROUND

2. The New Castle County Sheriff sold the Property at sheriff's sale on January 11, 2022.[1] The sheriff's sale was confirmed pursuant to Superior Court Civil Rule 69(d) on February 25, 2022.[2]

3. The Sheriff subsequently deeded the Property to the VA.[3] The Defendants, however, remained in the Property. Therefore, the VA filed the Petition for Rule and Writ of Possession on May 19, 2022 ("the Petition").[4] In the Petition, the VA requested: (1) that a writ of possession may issue and be awarded to the VA; and (2) that a rule be granted unto the Defendants to show cause why said writ should not be granted. On June 29, 2022, the Court set a hearing on the Petition for Writ of Possession for August 8, 2022.[5]

4. Instead of responding to the Petition for Writ of Possession, Defendants filed a "Notice to Cease and Desist."[6] The Notice to Cease and Desist was directed not to the Court, but instead to the Federal Trade Commission. Several other non-responsive exhibits were also filed.

---

[1] Transaction ID 67340101.

[2] A sheriff's sale "so confirmed in its character and effect, and cannot afterwards be inquired into, nor can its validity be controverted collaterally." *Deibler v. Atlantic Properties Group, Inc.*, 652 A.2d 553, 556 (Del. 1995) (quoting Victor B. Wooley, 2 *Practice In Civil Actions in Delaware* 768 (1906)).

[3] Transaction ID 67434424.

[4] Transaction ID 67638931.

[5] Transaction ID 67776727.

[6] Transaction ID 67780466.

5. On August 8, 2022, during the hearing on the VA's Petition, Defendants refused to come forward to speak, and instead insisted on speaking from the gallery. The Court permitted Defendants to proceed in this unusual way. After the Court issued its ruling granting the Order for Rule Absolute ordering a Writ of Possession, however, Defendants became disruptive and refused to leave without assistance of the Court bailiff. The Defendants eventually did leave the Courtroom on their own.

## ANALYSIS

6. Superior Court Civil Rule 62 governs motions to stay judgements pending appeal. A four-pronged analysis must be implemented when determining whether a motion to stay should be granted.[7] The Court should:

a. Make a preliminary assessment of the likelihood of success on the merits of the appeal;

b. Assess whether the petitioner will suffer irreparable injury if the stay is not granted;

c. Assess whether any other interested party will suffer substantial harm if the stay is granted; and

---

[7] *Travelers Bank & Trust, FSB v. Hayford*, 2007 WL 3105753, at *1 (Del. Super. July 10, 2007) (citing *Kirpat, Inc. v. Del. Alcoholic Beverage Control Comm'n*, 741 A.2d 356 (Del. 1998). The Court also notes that there is no evidence that the Defendants offered a supersedeas bond or other security as required.

3

d.      Determine whether the public interest will be harmed if the stay is granted.[8]

7.      As to the first prong, likelihood of success on the merits of the appeal, the Court finds that it is highly unlikely Defendants will be successful on an appeal. The Motion to Stay is, in essence, an untimely objection to the Sheriff's Sale. Objections to a foreclosure after the confirmation of a sheriff's sale are time barred, "unless the court finds a lack of notice or other basis to relieve the party of the consequences of the unexcused delay."[9]

8.      The Court finds no merit in Defendants' objections. Defendants do not claim lack of notice and there is no other evidence of excusable delay or any other recognized defense. The Sheriff's Sale was confirmed, and the Rule Absolute and Writ of Possession were issued. Any argument regarding the validity of the Sheriff's Sale and foreclosure will not be considered at this time.

9.      Most of the Motion to Stay focuses on what the Defendants believe is their mistreatment during the August 8 hearing and the Court's refusal to accept paperwork that did not comply with the Court's procedures prior to the August 8 hearing. The Court notes for the record that the purported filings were not responsive to Petition and did not add any other detail as to why the Court should accept any of

---

[8]     *Id.*

[9]     *Deibler*, 652 A.2d at 556 (citation omitted).

4

the Defendants' defenses.[10]  The Court also provided Defendants with an opportunity to speak prior to its ruling on the Petition.  The Court finds no merit in any arguments presented by the Defendants and therefore the Defendants have not established a likelihood of success on the merits.

10. The Court also notes that today, the Supreme Court of Delaware, in its decision on Defendants' Notice of Appeal and Request for Emergency Injunctive Relief,  held that the Defendants have not established a likelihood of success on the merits.[11]  The Supreme Court also held that the Defendants have not established that they will suffer irreparable harm if the stay is not granted.[12]

11. As to the third and fourth prongs, the Defendants have presented no evidence that Defendants or the public will suffer substantial harm if the stay is not granted.

---

[10] *See* Transaction ID 67908970.  While Defendants attempt to argue that the Court rejected the filings because of Defendants' self-represented status, this is not so.  The Could will not accept filings, whether filed by counsel or a self-represented litigant, for numerous reasons as evidenced by the Court's form entitled "Notice of Non-Conforming Documents."  Transaction ID 67908970.  Defendants were treated, and have been treated, the same as any other self-represented litigant or counsel that appears in this Court.

[11] *Banning v. Wells Fargo Bank, NA*, No. 315, 2022 (ORDER) (Sept. 7, 2022). Transaction ID 68054560.

[12] *Id.*

12.     Based on the foregoing, all requests for relief by the Defendants are denied.  The lockout scheduled for September 8, 2022 at 10 a.m. shall proceed as scheduled.  **IT IS SO ORDERED.**

*/s/ Meghan A. Adams*

**Meghan A. Adams, Judge**