COURT OF CHANCERY
OF THE
STATE OF DELAWARE

NATHAN A. COOK
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

Date Submitted:  September 19, 2022
Date Decided:  September 19, 2022

M. Jane Brady, Esquire
Brady Legal Group LLC
36365 Tarpon Drive4
Lewes, DE  19958

Julianne E. Murray, Esquire
Law Offices of Murray, Phillips & Gay
215 E. Market Street
Georgetown, DE  19947

Allison J. McCowan, Esquire
Zi-Xiang Shen, Esquire
Victoria R. Sweeney, Esquire
State of Delaware Department of Justice
Carvel State Office Building
820 North French Street, 6th Floor
Wilmington, DE  19801

Re:     *Michael Higgin, et al. v. Hon. Anthony J. Albence, et al.*
        C.A. No. 2022-0641-NAC

        *Ayonne "Nick" Miles, et al. v. Delaware Dep't of Elections, et al.*
        C.A. No. 2022-0644-NAC

Dear Counsel:

This Letter Opinion addresses Defendants' Motion for Injunction or Stay Pending Appeal.  For the reasons stated below, I grant Defendants' motion and stay the permanent injunction entered in this matter in all respects except as to the actual mailing or other dissemination of mail-in ballots to voters.  This stay will remain in effect until the Delaware Supreme Court issues its decision in the pending expedited appeal of this matter.

I issued my Memorandum Opinion on September 14, 2022.[1] The September 14 Memorandum Opinion addresses Plaintiffs' claims that the Same-Day Registration Statute and the Vote-by-Mail Statute violate the Delaware Constitution's restrictions concerning voter registration and absentee voting, respectively, for purposes of general elections.[2] I rejected the Same-Day Registration Statute claim, but held that Delaware precedent required me to enjoin the Vote-by-Mail Statute for general elections, including for the upcoming November 8, 2022 general election.

Defendants filed a notice of appeal in the Delaware Supreme Court on September 16, 2022.[3] The Supreme Court has expedited that appeal and will hear oral argument on October 5, 2022.[4]

---

[1] *See* C.A. No. 2022-0641-NAC (Del. Ch. Sept. 14, 2022), Dkt. 37 ("September 14 Memorandum Opinion").

[2] I adopt the defined terms used in the September 14 Memorandum Opinion. I assume the parties' familiarity with the September 14 Memorandum Opinion and refer readers to that decision for a more complete discussion of the factual background and analysis.

[3] Notice of Appeal, *Albence, et al. v. Higgin, et al.*, No. 342,2022 (Del. Sept. 16, 2022), Dkt. 1.

[4] Order Granting Appellants' Mot. to Expedite, *Albence, et al. v. Higgin, et al.*, No. 342,2022 (Del. Sept. 16, 2022), Dkt. 3.

On September 16, 2022, Defendants also filed a motion before me to stay the injunction of the Vote-by-Mail Statute pending the outcome of their appeal.[5] Earlier today, Plaintiffs filed their opposition to Defendants' motion,[6] and then Defendants filed a reply.[7]

In considering Defendants' motion, I am directed to weigh multiple factors: Defendants' chances of success on appeal, the relative balance of harms to Plaintiffs and Defendants if I do or do not grant a stay, and the public interest.[8] As to the first factor, my September 14 Memorandum Opinion explained why I believed that Delaware precedent required that I issue the injunction.[9] The decision further explained why I believed that the Delaware Supreme Court may desire to reconsider that precedent.[10] The first factor is therefore, at best, in equipoise.

---

[5] Defs.' Mot. for Inj. or Stay Pending Appeal, C.A. No. 2022-0641-NAC, Dkt. 40.

[6] Pls.' Resp. in Opp'n to Defs.' Mot. for Inj. or Stay Pending Appeal, C.A. No. 2022-0641-NAC, Dkt. 42.

[7] Defs.' Reply in Further Supp. of Defs.' Mot. for Inj. or Stay Pending Appeal, C.A. No. 2022-0641-NAC, Dkt. 45.

[8] *See Kirpat, Inc. v. Del. Alcoholic Beverage Comm'n*, 741 A.2d 356, 357 (Del. 1998).

[9] *See* September 14 Memorandum Opinion at 51–65.

[10] *See id*. at 65–73.

In considering the balance of harms to Plaintiffs and Defendants if the stay is or is not granted, I find that the harm to Defendants of not granting a stay pending appeal far outweighs any identified harm to Plaintiffs of granting a stay. Importantly, Plaintiffs have not identified any material harm that they will personally suffer if the stay pending appeal that I described at the outset of this decision is granted. In contrast, Defendants have explained that, as a result of last week's injunction, they have ceased implementation of the Vote-by-Mail Statute, including processing mail-in voting applications and preparing ballots.[11] Defendants state that, if their expedited appeal succeeds, the continued pendency of an injunction between now and a decision on their appeal would put at serious risk Defendants' ability to fulfill their statutory mandate to make mail-in voting available to Delaware voters for the November 8 general election.[12] The balance of these harms therefore tips strongly in Defendants' favor.

The last factor I am directed to consider is the public interest. Of all the factors I must consider, I believe this one is, by far, the most important in this context.

---

[11] *See* Defs.' Mot. for Inj. or Stay Pending Appeal ¶ 7.

[12] *Id.* ¶¶ 12–13.

The right to vote is the most fundamental right held by a citizen of our State, or of any other. It is the well-spring from which all other rights in our democracy ultimately flow. Through voting, our citizenry determines the nature of our government and its policies. To my mind, the robust exercise of the right to vote is unquestionably in the public interest.

My injunction in this matter was compelled by an advisory decision from five decades ago that, in turn, cited precedent from eight decades ago. If our Supreme Court determines to revisit that precedent and concludes that the Vote-by-Mail Statute is consistent with the Delaware Constitution, there is a serious risk that, absent a stay pending appeal, Delaware voters will be denied the opportunity to exercise their right to vote in the upcoming General Election by all constitutional means. That would be a grave injustice.

This matter is now the subject of an expedited appeal before the Delaware Supreme Court, and I anticipate that a decision on that appeal will be made in short order. To the extent that any truly material harm might arise from a stay in the interim, it would only arise upon the distribution of mail-in ballots to voters pursuant to the Vote-by-Mail Statute. If the Delaware Supreme Court determines that the Vote-by-Mail Statute is inconsistent with the Delaware Constitution, the prior

receipt of Vote-by-Mail Statute ballots by Delaware voters would present a serious risk of voter confusion that could not be easily fixed. I therefore am not granting a stay of the injunction as to the actual mailing or other dissemination of mail-in ballots to voters pursuant to the Vote-by-Mail Statute.

Plaintiffs say that I should deny Defendants' motion for a stay pending appeal entirely. Plaintiffs argue that even permitting Defendants to "take applications and prepare ballots" for mail-in voting would "undermine[] the election and undercut[] the faith of the public in the legal process."[13] Plaintiffs claim that "[s]uch a move sends a dangerous and confusing message to voters, and even risks disenfranchising them."[14] I disagree. Delaware voters are, despite Plaintiffs' arguments, adults fully capable of holding more than one thought in their minds simultaneously. Here, I am confident that citizens will have little difficulty understanding that, although they may continue to apply for a vote-by-mail ballot, the availability of mail-in voting is the subject of litigation.

---

[13] Pls.' Resp. in Opp'n to Defs.' Mot for Inj. or Stay Pending Appeal ¶ 7 (emphasis omitted).

[14] *Id.*

In addition, the Department of Elections has represented to me—both in its papers and during today's teleconference—that, if the Supreme Court affirms the injunction, the Department will promptly notify all applicants for mail-in ballots pursuant to the Vote-by-Mail Statute of that fact.[15]  The Department has further represented that it will notify such applicants that they will need to plan to vote in-person on November 8 if they do not otherwise fall within the categories of persons specified in Article V, Section 4A of the Delaware Constitution as eligible for absentee voting.[16]  I am convinced that the Department's representation, coupled with the form of the stay, appropriately mitigate any material risk of harm that might be associated with entering the stay.[17]

For these reasons, I hereby stay the effect of the permanent injunction entered in this matter in all respects except as to the actual mailing or other dissemination of mail-in ballots to voters pursuant to the Vote-by-Mail Statute for the upcoming

[15] *See* Defs.' Mot. for Inj. or Stay Pending Appeal ¶ 14.

[16] *See id.*

[17] Plaintiffs have not requested that the stay pending appeal be conditioned on the provision of security.  *Cf.* Del. Const. art. IV, § 24.  Accordingly, the stay is not conditioned on any. *E.g.*, *In re UnitedHealth Gp., Inc.*, 2018 WL 2110958, at *3 (Del. Ch. Apr. 27, 2018).

November 8 general election.  This stay will remain in effect until the Delaware

Supreme Court issues its decision in the pending expedited appeal of this matter.

**IT IS SO ORDERED.**

Sincerely,

*/s/ Nathan A. Cook*

Nathan A. Cook
Vice Chancellor