**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

J. TRAVIS LASTER
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

September 28, 2022

Marcus E. Montejo
Prickett, Jones & Elliott, P.A.
1310 King Street
Wilmington, Delaware 19801

Douglas J. Cummings, Jr.
DCummings Law LLC
724 Yorklyn Road, Suite 260
Hockessin, Delaware 19707

> RE:  *Rivest v. Hauppauge Digital, Inc.*
>      C.A. No. 2019-0848-JTL

Dear Counsel:

This is an action in which plaintiff James Rivest seeks the production of financial statements for closed periods from Hauppauge Digital, Inc. (the "Company"). On September 1, 2022, the court issued a post-trial memorandum opinion. Dkt. 77 (the "Opinion"). The last page of the Opinion instructed counsel to submit either a final order that was agreed-upon as to form or a joint letter from the parties identifying the issues that remain to be resolved and proposing a schedule for addressing them. *Id.* at 99.

Due to a series of perplexing steps taken by Company counsel, the parties have been unable to implement that simple and customary directive. In an effort to impose a degree of order, the court required Company counsel to meet and confer with Rivest's counsel regarding a form of order or schedule for further proceedings. Dkt. 85. The lawyers complied and submitted a stipulation and proposed form of order. Dkt. 88.

On September 23, 2022, the court granted the proposed order with modifications. Dkt. 90. The court explained the limited modification as follows:

> The court appreciates counsel working together on this stipulation. The court's only modification is to have seriatim briefing (4 briefs) rather than simultaneous briefing (6 briefs). Here is the schedule that will apply unless the parties agree otherwise, which they may do by stipulation:
>
> No later than October 1, 2022, Plaintiff shall file a motion seeking relief addressing all issues where the plaintiff seeks affirmative relief and has the burden. The opening brief shall not exceed 3,000 words.

> No later than October 15, 2022, Defendant shall file a combined answering brief opposing issues where Plaintiff is seeking relief and opening addressing issues where Defendant is seeking affirmative relief and has the burden. The combined brief shall not exceed 5,000 words
>
> No later than October 29, 2022, Plaintiff file a combined answering and reply brief that shall not exceed 4,000 words.
>
> Not later than November 8, 2022, Defendant shall file a reply solely addressing only the issues where it seeks affirmative relief and has the burden. The reply brief shall not exceed 2,000 words.

*Id.*

The court thus made clear that its primary concern was with the number of briefs. The court also made clear that it was establishing a default schedule that "will apply unless the parties agree otherwise, which they may do by stipulation." *Id.* The court expected that if there was some bona fide reason to adjust the dates, counsel would handle it without burdening the court.

At the end of the day on September 23, 2022, Company counsel filed a motion titled "Defendant's Motion to Reconsider or Modify Briefing Schedule." Dkt. 91 (the "Motion"). That title was misleading, because the lead argument in the Motion asked the court to revisit a prior ruling in which it denied a stay pending appeal. The Motion did not make clear whether it was seeking that relief under Rule 59(f), which governs motions for reargument, or under Rule 59(e), which governs a motion to alter or amend a judgment. In either event, the Motion addressed a different order than the order that entered the briefing schedule, and the Motion devoted thirteen of its fifteen numbered paragraphs to that argument.

Only as a secondary issue did the Motion seek to modify the briefing schedule that the court had entered. The Motion devoted only a single numbered paragraph—the last one—to that argument.

Rivest has responded to the Motion, and the Company has filed a reply. Oral argument is not necessary.

## The Request To Modify The Briefing Schedule

The request to reconsider or modify the briefing schedule is denied because counsel sought relief without engaging in a meaningful effort to meet and confer. There was no need for Company counsel to rush to file the Motion.

In the Motion, the totality of the Company' argument on the request for reconsideration appears in the last substantive paragraph. There, Company counsel states that "the Company's representative would be unavailable October 1st through the 14th." *Id.* ¶ 15. Counsel objected that the default schedule entered by the court "would not allow Company's Counsel the opportunity to communicate with its Client." *Id.*

That issue is something that counsel should address by stipulation. The court made clear that the schedule it entered was a default schedule that the parties could modify by stipulation. Company counsel should have resolved this with opposing counsel.

In a footnote, Company counsel stated: "Opposing Counsel was provided a Stipulation, but ignored it." *Id.* n.6. That representation is technically accurate but factually misleading. The following timeline describes the actual events:

- The court entered its order at 9:58 a.m.

- At 12:16 p.m., Company counsel sent an email to opposing counsel stating that the schedule "just does not work for us" and proposing an extension of six calendar days. Rather than providing an opportunity for a meaningful meet and confer, Company counsel stated: "[P]lease be forewarned, I will be filing something this afternoon at 2:00 p.m.; whether it includes a stipulation or motion to amend the briefing schedule is up to you and your professional judgment." Dkt. 92 Ex. D. Company counsel thus gave his opposing counsel less than two hours to respond.

- Company counsel later called another lawyer representing plaintiff. That lawyer advised Company counsel that the lead lawyer was out of the office and asked why it was necessary to make an urgent filing with the court when there was no immediate deadline and the court had expressly authorized to agree on alternative dates. The lawyer informed Company counsel that the adjustment to the schedule likely would not be a problem once he reached the lead lawyer.

- At 4:49 p.m., Company counsel filed the Motion.

That was not a meaningful opportunity to meet and confer in a situation where there were no exigent circumstances that required the filing of the Motion.

One might have hoped that once Company counsel raised this issue through the Motion, Rivest's counsel would have mooted it by stipulation. That did not happen either. Instead, Rivest's counsel asked the court to deny the Motion and force Company counsel to proceed during the period when Company counsel says his client is on vacation. That is unnecessary.

There are easy and obvious ways to alter the schedule. One option is to push back the Company's response date by a week. Another option is to flip who goes first. Ordinarily the plaintiff would go first, but since both sides say that they want to seek affirmative relief, having the defendant go first would be a simple accommodation.

The court is entering an order that provides instructions to counsel as to next steps. This is now the second time that the court has had to enter an order covering the basics of how to meet and confer. That should not be necessary. Counsel should be resolving disagreements of this nature between themselves. They should not be burdening the court and consuming judicial resources that are better devoted to other matters. If this happens again, the court will impose a financial consequence in the form of a payment to the Register in Chancery. *See, e.g.*, *Beck v. Atl. Coast PLC*, 868 A.2d 840, 857 (Del. Ch. 2005) (Strine, V.C.) (requiring counsel to pay $2,500 to Register in Chancery for burden imposed on court and staff); *see also Wayman Fire Prot., Inc. v Premium Fire & Sec., LLC*, 2014 WL 897223, at *32 (Del. Ch. Mar. 5, 2014) (imposing fine of $10,000, payable to the Register in Chancery, where defendants had "abused the good offices of the Court and wasted valuable time and judicial resources in the process"); *In re Indemnity Ins. Corp., RRG*, 2014 WL 125876, at *2 (Del. Ch. Jan. 13, 2014) (ORDER) (imposing fine of $2,500, payable to the Register in Chancery, in light of the burden "imposed on the court and its staff").

### The Request To Reconsider The Denial Of A Stay Pending Appeal

Although not mentioned in the title of the Motion, the principal relief that the Motion seeks is a stay pending appeal. Company counsel reports that Rivest has served a Section 220 demand seeking current financial statements from the Company (the "New Demand"). The Motion describes the demand as "new evidence," implying that it seeks relief under Rule 59(e). Dkt. 91 ¶ 2. The Motion claims that the New Demand was "improper," stating in a footnote: "The demand is improper for many reasons, only is [sic] articulated here." *Id.* ¶ 4 & n.2.

The gist of the perceived impropriety appears to be the concept that if the Company produces financial statements without a confidentiality restriction, "the Company's appeal would be rendered meaningless." *Id.* ¶ 4. According to the Motion, if the Company produces financial statements without a confidentiality restriction, "then, procedurally, Mr.

Rivest can raise arguments sounding in estoppel, which could have preclusive effects upon the Company's ability to prosecute its Appeal." *Id.* ¶ 5. It is unlikely that estoppel would be the pertinent legal doctrine. It is also unlikely that the Company's actions would be "preclusive" in the sense that term is typically used. But agreeing to produce financial statements without a confidentiality restriction would undermine the Company's position on appeal.

The Motion also asserts that the Company's production of financial statements without a confidentiality restriction would mean that "the likelihood of repeat harm, of an irreparable nature, in the hands of competitors would be realized." *Id.* ¶ 6. The Company also anticipates that if it rejects the New Demand, then the Rivest will "file another lawsuit then seek to consolidate it with this one—subjecting the Company to commit additional resources and further burdening the Docket of this Court." *Id.* ¶ 7. The Company also maintains that an additional lawsuit "will create additional distance from the ultimate decision makers on Delaware Law, our Supreme Court, despite the objective existence of appealable issues, which may or may not Affirm the findings in Your Honor's Memorandum Opinion." *Id.* ¶ 8.

Based on this hodgepodge of concepts, the Company asked the court "to grant a stay of its judgment pending appeal." *Id.* ¶ 9. In contrast to the last time it requested a stay, this time the Company addressed the *Kirpat* factors. *Id.* (citing *Kirpat, Inc. v. Del. Alcoholic Beverage Control Comm'n*, 741 A.2d 356 (Del. 1998)),

Taking these issues in reverse order, there is nothing as yet to stay because the court has not entered a final judgment. The court directed the parties to prepare a final order that was agreed-upon as to form, but that process was derailed by the perplexing conduct that this court previously addressed. *See* Dkt. 77. Once the court enters a final order and judgment directing production to take place, then the Company can apply for a stay pending appeal. Until that happens, or until the Delaware Supreme Court accepts the interlocutory appeal, the application for a stay pending appeal is premature. It is denied on that basis.

Any relief under Rule 59(e) also is unwarranted because the New Demand is not "new evidence" within the scope of the rule. The New Demand is just that: a new demand. Contrary to the Company's assertion, there is nothing wrong with Rivest serving it. Rivest served his original demand in July 2019. Dkt. 77 at 14. When these proceedings became protracted, Rivest served a second demand in April 2020. *Id.* at 19. It is understandable that Rivest would want current financial information and serve a further demand in September 2022.

The application is denied for the additional reason that it does not address the conduct that the Company seeks to mitigate. A stay of the proceedings in this case will not

have any effect on the Company's statutory obligation to respond to the New Demand, nor on Rivest's ability to file suit to enforce the New Demand, nor on the need for the Company to respond to a complaint if Rivest were to file one. To address those matters, the Company would need to seek injunctive relief barring Rivest from pursuing those courses of action. For the court to issue such an injunction would be extraordinary. The issuance of an order in one case to stop the pursuit of another case is itself extraordinary. Here, no case has yet been filed.

Nor does the serving of the New Demand prejudice the Company or its appeal. If anything, the New Demand avoids any debate as to whether the appeal over the confidentiality restriction has become moot. The Master recommended a two-year restriction, and the Company did not take exception to that ruling. At this point, enough time has passed that none of the financial statements that are currently the subject of this action are subject to a confidentiality restriction, even under the two-year restriction that the Company did not challenge. Given that fact, the Delaware Supreme Court could well question why any appeal should go forward. To the extent either side wants to litigate the appeal regardless of that fact, that party could argue that the dispute over confidentiality remained live because it was capable of repetition. The New Demand demonstrates the truth of that assertion. If the Company really wants to litigate its appeal, the New Demand is helpful, not harmful.

Once again, there are easy steps for counsel to take. The first is for the Company to serve a timely response to the New Demand. If the Company takes the position that it will not produce financial statements for closed periods without a confidentiality agreement pending the outcome of its appeal, then the Company can say that.

At that point, Rivest will have a decision to make. As the Company has anticipated, one of his options is to file a new action to enforce the New Demand. If he does, then the Company can propose a stipulated stay of those proceedings and, if Rivest rejects that proposal, then the Company can apply to the court for a stay. And if Rivest seeks to consolidate his new action with this action, as the Company predicts, then the Company can oppose consolidation, which is a discretionary matter for the court.

Alternatively, Rivest might not file a new action. He might seek to amend his complaint in this action to include the New Demand, as he did when he served the April 2020 demand. Because the scope of the New Demand is identical to what the court has ruled on, that course of action would make sense. At that point, it would be an easy matter for the parties to (i) stipulate to the amendment, (ii) agree to the entry of judgment on the New Demand to the same degree as the two prior demands, and (iii) pursue appellate relief as to all three demands. Given the reality that the issue of a confidentiality restriction is now moot for purposes of the financial statements that were the subject of the two demands

directly at issue in the case, that is the most logical course of action for the parties to follow if they wish to litigate the confidentiality restriction before the Delaware Supreme Court.

Doubtless there are other choices that Rivest and the Company could make. In any event, these are matters that can be dealt with in due course. They are also matters that responsible counsel should seek to resolve by agreement before burdening the court with a dispute.

The Motion thus fails under Rule 59(e). It also fails under Rule 59(f). "To prevail on a motion for reargument under Rule 59(f), the moving party must demonstrate either that the court overlooked a decision or principle of law that would have controlling effect or that the court misapprehended the facts or the law such that the outcome of the decision would be different." *Zutrau v. Jansing*, 2014 WL 6901461, at *2 (Del. Ch. Dec. 8, 2014), *aff'd*, 123 A.3d 938 (Del. 2015). A misapprehension of the facts or the law "must be both material and outcome-determinative of the earlier decision." *Id.* Generally, new evidence will not be considered on a Rule 59(f) motion. *Reserves Dev. LLC v. Severn Sav. Bank, FSB*, 2007 WL 4644708, at *1 (Del. Ch. Dec. 31, 2007). Moreover, "[w]hen the decision that is the subject to reargument rests on the court's exercise of its discretion, such as a decision to grant or deny a stay of Delaware litigation, 'no fact or legal precedent may "compel" a different result absent a showing of abuse of discretion.'" *Quantlab Grp. GP, LLC v. Eames*, 2018 WL 5778445, at *1 (Del. Ch. Nov. 2, 2018) (citations omitted).

The Company has not argued that the court abused its discretion in denying a stay pending appeal, nor that the court misapprehended the facts or law. The court denied the motion because it was premature and failed to comply with Rule 171(f)(1)(C). The court has not held that the Company cannot seek a stay pending appeal. The court instead has instructed the Company that it only can seek a stay if the Delaware Supreme Court accepts the interlocutory appeal or following the entry of a final order.

The Motion thus does not provide grounds for relief under Rule 59(f) or Rule 59(e).

The Motion accordingly is denied in its entirety.

Sincerely yours,

*/s/ J. Travis Laster*

J. Travis Laster
Vice Chancellor

JTL/krw