# COURT OF CHANCERY
# OF THE
# STATE OF DELAWARE

LORI W. WILL
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

May 15, 2024

Brian C. Ralston, Esquire
T. Brad Davey, Esquire
Charles P. Wood, Esquire
Potter Anderson & Corroon LLP
1313 North Market Street
Wilmington, Delaware 19801

Blake Rohrbacher, Esquire
Mari Boyle, Esquire
Morgan R. Harrison, Esquire
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801

RE: *Soleimani et al. v. Hakkak et al.*,
C.A. No. 2023-0948-LWW

Dear Counsel,

I write regarding the defendants' Motion to Maintain the Status Quo Order Pending Appeal or, in the Alternative, for a Stay of Any Judgment Pending Appeal (the "Motion"). For the reasons described below, the Motion is granted in part and denied in part.

## I. BACKGROUND

The background of this 6 *Del. C.* §§ 17-110 and 18-110 action is described in my April 12, 2024 memorandum opinion (the "Summary Judgment Opinion"), in which I granted plaintiff Isaac Soleimani's motion for summary judgment and

denied the defendants' cross-motion for summary judgment.[1]  I held that Soleimani remains the Manager of the White Oak LLCs because defendants' attempt to terminate him was ineffective under the operative LLC Agreements.[2]

On April 15, the defendants filed the present Motion.[3]  They ask that I maintain the status quo order entered on December 4, 2023 pending their to-be-filed expedited appeal.[4]  In doing so, they request that defendant Halle Benett be permitted to remain the status quo manager of the White Oak LLCs.  In the alternative, they ask that I stay the effect of any judgment pending an appeal.

Soleimani opposes the motion on two main grounds.[5]  He asserts that maintaining the Status Quo Order and Benett's role as Manager would re-remove

---

[1] Mem. Op. Regarding Cross-Mots. for Summ. J. (Dkt. 70) ("Summ. J. Op.").  Capitalized terms used in this letter opinion that are not otherwise defined have the meanings given in the Summary Judgment Opinion.

[2] *Id.* at 25.

[3] Defs.' Mot. to Maintain the Status Quo Order Pending Appeal or in the Alternative for a Stay of any J. Pending Appeal (Dkt. 71) ("Defs.' Mot."); *see also* Defs.' Reply in Further Supp. of Defs.' Mot. to Maintain the Status Quo Order Pending Appeal or in the Alternative for a Stay of any J. Pending Appeal (Dkt. 75).

[4] *See* Am. Status Quo Order (Dkt. 50) ("Status Quo Order").

[5] Pl.'s Opp'n to Defs.' Mot. to Maintain the Status Quo Order Pending Appeal or in the Alternative for a Stay of any J. Pending Appeal (Dkt. 73) ("Pl.'s Opp'n").

him in contravention of the Summary Judgment Opinion. He further asserts that a

stay pending appeal is unwarranted.[6]

## II.   ANALYSIS

I first consider whether a stay pending the resolution of an appeal is

appropriate. Because I decline to grant a stay, I go on to assess whether the Status

Quo Order should be maintained. I conclude that a revised form of the order will

remain in place until any appeal is resolved.

### A.   Stay Pending Appeal

Delaware Supreme Court Rule 32(a) provides that "a motion for stay must be

filed in the trial court in the first instance."[7] When considering a request for a stay

pending appeal, this court considers the four *Kirpat* factors: (1) "a preliminary

assessment of likelihood of success on the merits of the appeal"; (2) "whether the

petitioner will suffer irreparable injury if the stay is not granted"; (3) "whether any

---

[6] The parties' submissions are also rife with accusations and rhetoric. I have attempted to cut through them to resolve the limited issues before me. None bear on my assessment of the Motion.

[7] Supr. Ct. R. 32(a); *see* Ct. Ch. R. 62(d) ("Stays pending appeal and stay and cost bonds shall be governed by article IV, § 24 of the Constitution of the State of Delaware and by the Rules of the Supreme Court.").

other interested party will suffer substantial harm if the stay is granted"; and (4) "whether the public interest will be harmed if the stay is granted."[8]

Because the first *Kirpat* factor "directs the trial court to assess the strength of its own reasoning and judgment, 'the "likelihood of success on appeal" prong cannot be interpreted literally or in a vacuum.'"[9] Thus, the court typically considers the other three factors before "assessing whether the movant has presented a question that raises a fair ground for review by our Supreme Court."[10] "A motion for a stay pending appeal is addressed to the discretion of the trial court."[11]

Regarding the second factor, the defendants argue that a stay will prevent irreparable harm to the White Oak Entities because Soleimani will only be Manager until the value of his revenue-sharing interests is calculated and paid.[12] Without a stay, they insist that the White Oak Entities will face instability caused by switching Managers. I do not take lightly the challenges faced by the White Oak Entities in

---

[8] *See Kirpat, Inc. v. Delaware Alcoholic Beverage Control Comm'n*, 741 A.2d 356, 357 (Del. 1998).

[9] *Zhou v. Deng*, 2022 WL 1617218, at *2 (Del. Ch. May 23, 2022) (citing *Kirpat*, 741 A.2d at 358).

[10] *Rosenbaum v. CytoDyn Inc.*, 2021 WL 4890876, at *1 (Del. Ch. Oct. 20, 2021).

[11] *Wynnefield P'rs Small Cap Value L.P. v. Niagara Corp.*, 2006 WL 2521434, at *1 (Del. Ch. Aug. 9, 2006).

[12] Defs.' Mot. ¶ 12. The defendants also argue that Soleimani engaged in misconduct. Such issues were not considered on summary judgment, and I lack the factual record needed to assess whether the purported misconduct occurred.

navigating a seesaw of Managers.[13]  But staying a judgment pending appeal would require me to set aside the unambiguous terms of the White Oak LLC Agreements and deprive Soleimani of his contractual rights.  Further, the loss of control "alone cannot constitute irreparable harm for purposes of *Kirpat*, as the party seeking a stay 'must point to some injury other than compliance with [th]e Court's Order' to carry its burden."[14]  This factor weighs against a stay.[15]

Regarding the third factor, the defendants argue that Soleimani would be unharmed by the granting of a stay.[16]  I disagree.  The Summary Judgment Opinion held that Soleimani was entitled to remain Manager of the White Oak LLCs under the terms of the LLC Agreements.  A stay would substantially harm him by further depriving him of his bargained-for rights.[17]

---

[13] Summ. J. Op. 24 n.98 (noting that I do not "relish" the outcome of the Summary Judgment Opinion because it "may create some level of instability for the nominal defendants").

[14] *Zhou*, 2022 WL 1617218, at *2 (quoting *Lynch v. Gonzalez*, 2020 WL 5648567, at *4 (Del. Ch. Sept. 22, 2020)); *see also Frankino v. Gleason*, 1999 WL 1063071, at *1 (Del. Ch. Nov. 12, 1999).  According to a recent letter from Soleimani's counsel, Benett has not served as Manager since April 12.  Dkt. 78.

[15] There is the risk of irreparable harm to the nominal parties if Soleimani were found not to be the proper Manager after taking actions outside the ordinary course.  Any such harm is minimized by the relief discussed below with regard to the Status Quo Order.  *See infra* at 9.

[16] Defs.' Mot. ¶¶ 20-22.

[17] *See e.g.*, *Zhou*, 2022 WL 1617218, at *3 (rejecting defendants' assertion that a stay would not cause harm to others because "[a]ny further delay," even if "relatively brief," "is unnecessary and deprives Plaintiff of the legal effect of the Consent [appointing him as a

As to the to the public interest under the fourth factor, the defendants say that a stay is needed to "safeguard the interests of investors."[18]  I have no reason to believe that Soleimani serving as Manager will somehow harm investors.  In any event, the Court of Chancery has recognized that the protection of investors in private companies through the resolution of a control dispute implicates private— not public—interests.[19]  In cases like this Section 18-110 action, public policy generally favors the prompt entry of judgment.[20]  At best for the defendants, this factor is neutral.[21]

Finally, the first factor cuts against a stay.  "When considering the appeal's likelihood of success on the merits, this Court 'is called upon not to second guess its decision, but to assess, as objectively as possible, whether the case presents a fair

---

director] that the Court has now adjudicated to have been valid from the time of its delivery"); *Frankino*, 1999 WL 1063071, at *2 (finding that defendants' assertion that plaintiff would not be irreparably harmed by a stay "faile[d] to consider that this Court has ruled that [plaintiff] and his designees were rightfully elected to [the] board of directors several months ago and that there is no way to adequately compensate them for the further delay of their rights").

[18] Defs.' Mot. ¶ 6.

[19] *See Rosenbaum*, 2021 WL 4890876, at *3 ("Who controls the board of directors, although 'critically important to the litigants' and other stakeholders, implicates the 'private interests of particular corporate constituencies,' not the public interest.") (citation omitted).

[20] *Frankino*, 1999 WL 1063071, at *2.

[21] *Zhou*, 2022 WL 1617218, at *3.

ground for litigation and more deliberative investigation.'"[22] This typically involves addressing whether the matter implicates a "novel issue"[23] or unsettled areas[24] of Delaware law. The Summary Judgment Opinion did neither. It applied settled principles of contract interpretation to unambiguous provisions of the LLC Agreements.[25]

An order of judgment in Soleimani's favor is entered simultaneously with this letter decision.[26] The defendants may pursue an appeal of that order. Any further request to stay the order's effects, however, is denied.

## B.   Status Quo Order Pending Appeal

Next, the defendants ask that I maintain the Status Quo Order through the conclusion of their anticipated appeal. To obtain a status quo order, a movant must demonstrate that: (1) "the order will avoid imminent irreparable harm"; (2) the movant has "a reasonable likelihood of success on the merits" of his claim; and

---

[22] *Wynnefield P'rs*, 2006 WL 2521434, at *1 (citation omitted).

[23] *Id.*

[24] *Zhou*, 2022 WL 1617218, at *4.

[25] *See* Pl.'s Opp. ¶ 15.

[26] Yesterday, Soleimani filed a letter maintaining that the Motion is moot because the defendants failed to timely take an appeal. Dkt. 78. But my Summary Judgment Opinion was not a final order. In fact, no stipulated final order implementing my ruling was submitted by the parties (though I did not affirmatively request one). To prevent any further delay and ensure the effectiveness of the Summary Judgment Opinion, I have prepared and filed an appropriate order.

(3) the harm to the movant absent an order outweighs any harm from granting the order.[27]

The Status Quo Order treats Benett as Manager and implements certain ordinary course restrictions. By its terms, it remains in effect only through the resolution of this trial court action. The Court of Chancery has entertained requests to extend aspects of similar status quo orders pending the resolution of an appeal of a control dispute.[28] That is because of the persistent risk of irreparable harm from unauthorized actions that are not easily unwound.[29]

Benett should not continue to serve as the status quo Manager since (as discussed above) the Summary Judgment Opinion held that Soleimani is legally entitled to that role. Yet I am not blind to the reality that Soleimani may not be in it for the long haul. And the defendants may, of course, prevail on their appeal.

---

[27] *Raptor Sys., Inc. v. Shepard*, 1994 WL 512526, at *2 (Del. Ch. Sept. 12, 1994).

[28] *See Klaassen v. Allegro Dev. Corp.*, 2013 WL 5967028, at *3 (Del. Ch. Nov. 7, 2013); *see also Palisades Growth v. Bäcker*, C.A. No. 2019-0931-JRS, at 54 (Del. Ch. May 8, 2020) (TRANSCRIPT) ("It's not uncommon in Section 225 cases for the trial court to extend, at least to some degree, the status quo order that was entered at the outset of the case.").

[29] *Klaassen*, 2013 WL 5967028, at *3 ("The same risk of unauthorized Board action that undergirded the entry of the Status Quo Order supports finding a threat of irreparable harm . . . . If the unauthorized actions could not be unwound or remedied, then irreparable injury would result.").

Weighing these interests, I conclude that a modified form of the Status Quo Order should be maintained. The prior Status Quo Order is revised to provide that Soleimani is the Manager of the White Oak LLCs pending further order of the court.[30] The ordinary course limitations in the Status Quo Order otherwise remain in effect.

## III. CONCLUSION

The Motion is granted in part and denied in part. The request to maintain the Status Quo Order is granted with the modification that Soleimani is the current Manager of the White Oak LLCs. The defendants' request for a stay pending appeal is denied. IT IS SO ORDERED.

Sincerely yours,

*/s/ Lori W. Will*

Lori W. Will
Vice Chancellor

---

[30] In other words, paragraph 2 of the Status Quo Order is revised to replace Benett's name with Soleimani's. *See* Status Quo Order ¶ 2. If there are other particular provisions that either party feels need modification, they are encouraged to submit a motion to modify the revised Status Quo Order. *See id.* ¶ 7.