# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

MOVORA LLC (f/k/a OSSIUM )
NEWCO LLC); OSSIUM BIDCO, LLC; )
and VETERINARY ORTHOPEDIC )
IMPLANTS, LLC (f/k/a VETERINARY )
ORTHOPEDICS IMPLANTS, INC.), )
                 )
         Plaintiffs/Counterclaim )
         Defendants, )
                 )
       v. )   C.A. No. N23C-05-034 MAA CCLD
                 )
CLAUDE GENDREAU; THE CLAUDE )
GENDREAU INVESTMENT TRUST )
U/A/D MARCH 16, 2013; PATRICK )
GENDREAU; BRIAN BEALE; and )
TIMOTHY VAN HORSSEN, )
                 )
         Defendants/Counterclaim )
         Plaintiffs. )
                 )

Date Submitted: October 27, 2025
Date Decided: October 30, 2025

## <u>ORDER</u>

1.     Currently pending before the Court is Defendant Claude Gendreau's Motion for 90-day Stay of Execution of Judgment.[1]

2.     On October 1, 2025, the Court entered final judgment (the "Judgment") against Dr. Claude Gendreau ("Dr. Gendreau") and Claude Gendreau Investment

---

[1] D.I. 310 ["Mot."]

Trust (the "Trust").[2]  In the Judgement, the Court held Dr. Gendreau was liable for approximately $41 million while the Trust was liable for approximately $8.2 million.[3]  Post judgment interest accrued at $12,757.91 per day as of the October 15 judgment execution date.[4]

3.     According to Dr. Gendreau, Dr. Gendreau and the Trust *plan* to file a Notice of Appeal from the Judgment with the Supreme Court of Delaware.[5]  To date, Dr. Gendreau has paid $24.5 of the $41 million judgment.[6]  Dr. Gendreau still owes $16.5 million plus 9.5% post-judgment interest.[7]  Dr. Gendreau now seeks a three-month stay of execution for him to secure cash or a loan to pay his remaining liability.[8]

4.     In support of his Motion, Dr. Gendreau contends his remaining assets are invested in ongoing business entities, real estate holdings, and other equities with "limited liquidation ability without material consequence."[9]  Dr. Gendreau avers he is working with Merrill Lynch to secure a loan that can cover his remaining liability.[10]  Dr. Gendreau also states he has alternative options to secure funds by his

---

[2] *Id.* ¶ 1.
[3] *Id.*
[4] *Id.*
[5] *Id.* ¶ 4.
[6] *Id.*
[7] *Id.*
[8] *Id.* ¶ 6.
[9] *Id.* (citing C. Gendreau Decl. ¶ 8).
[10] Mot. ¶ 7 (citing C. Gendreau Decl. ¶ 10).

proposed extension date.[11]  Finally, Dr. Gendreau is "confident of [his] ability to pay the remaining judgement against [him] by January 15, 2026" and will not seek a bond pending appeal.[12]

## ANALYSIS

5.  The Delaware Constitution requires that, "[w]henever a person…appeals or applies to the Supreme Court…[,] [there] shall be no stay of proceedings in the court below unless the appellant…shall give sufficient security to be approved by the court below…."[13]  Requests for stays pending appeal are governed by Delaware Supreme Court Rule 32.  Pursuant to Rule 32, a "stay . . . pending appeal may be granted or denied in the discretion of the trial court[.]"[14] "The trial court . . . as a condition of granting or continuing a stay . . . pending appeal, may impose such terms and conditions, in addition to the requirement of indemnity, as may appear appropriate in the circumstances.[15]

6.  Delaware law is clear – providing sufficient security is a prerequisite to having a stay of execution granted.[16]  "This Court does not have discretion to waive

---

[11] Mot. ¶ 9.
[12] *Id.* ¶¶ 8, 17; C. Gendreau Decl. ¶ 13.
[13] Del. Const. art. IV § 24.
[14] Del. S. Ct. R. 32(a).
[15] *Id.*
[16] The Delaware Constitution, Delaware Supreme Court Rule 32, and caselaw from the Supreme Court of Delaware all outline that proving sufficient security is a prerequisite for a stay of execution being granted. Del. Const. art. IV § 24; Del. S. Ct. R. 32(c); *Owens Corning Fiberglas Corp. v. Carter*, 630 A.2d. 647, 648-649 (Del. 1993).

the requirement of a supersedeas bond."[17]  Sufficient security need not be a supersedeas bond,[18] but regardless of the form, security must be provided.

7.    Dr. Gendreau offers no sufficient security.[19]  Instead, Dr. Gendreau offers only his confidence a stay of execution will allow him to secure liquidity covering his remaining liability.[20]  Dr. Gendreau cannot meet this threshold requirement.  Therefore, pursuant to the Delaware Constitution, there "shall be no stay of proceedings" pending appeal in this action.[21]

**IT IS SO ORDERED.**

/s/ Meghan A. Adams

**Meghan A. Adams, Judge**

---

[17] *Gates v. Texaco, Inc.*, 2008 WL 1952162, at *1 (Del. Super. May 2, 2008).

[18] Del. S. Ct. R. 32(c).

[19] *See generally* Mot. (showing Gendreau at no point offers any form of security while moving for a stay of execution).

[20] Mot. ¶¶ 7, 8.

[21] Because Dr. Gendreau cannot meet the threshold requirement of posting security, the Supreme Court's four-part stay test in *Kirpat, Inc. v. Del. Alcoholic Beverage Control Comm'n*, 741 A.2d 356, 357 (Del. 1998) is inapplicable.