**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

LORI W. WILL
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

Date Submitted: January 4, 2024
Date Decided: January 5, 2024

John M. Seaman, Esquire
Eliezer Y. Feinstein, Esquire
Abrams & Bayliss LLP
20 Montchanin Road, Suite 200
Wilmington, DE 19807

Michael A. Pittenger, Esquire
William R. Denny, Esquire
Matthew F. Davis, Esquire
Nicholas D. Mozal, Esquire
Potter Anderson & Corroon LLP
1313 North Market Street
Wilmington, DE 198091

RE:  *Ted D. Kellner v. AIM Immunotech Inc. et al.*,
C.A. No. 2023-0879-LWW

Dear Counsel:

I write regarding plaintiff Ted D. Kellner's Motion for an Injunction Pending Appeal (the "Motion").[1] For the reasons discussed below, the Motion is denied.

The Motion concerns my December 28, 2023 post-trial opinion in this matter (the "Opinion").[2] In the Opinion, I held that certain of AIM Immunotech Inc.'s advance notice bylaws were invalid. I also held that the plaintiff failed to comply with valid advance notice bylaws and that the members of AIM's board of

---

[1] Pl.'s Mot. for Inj. Pending Appeal (Dkt. 275) ("Mot.").

[2] Post-Trial Op. (Dkt. 273) ("Op."). Capitalized terms not defined herein have the meanings given in the Opinion.

directors did not breach their fiduciary duties by rejecting Kellner's attempt to nominate three director candidates.

The Motion was filed on January 3, 2024 just before 5:00 p.m.—six days after the Opinion was issued.[3] In the Motion, Kellner asks that I enjoin AIM from going forward with its annual meeting scheduled for today, January 5, pending his appeal of the Opinion. Yesterday afternoon, AIM filed an opposition to the Motion, arguing that Kellner's request for an injunction is procedurally improper, legally deficient, and barred by laches.[4] Last night, Kellner filed a reply in further support of the Motion.[5]

Under Court of Chancery Rule 62(c) and Supreme Court Rule 32, this Court has discretion to grant an injunction pending appeal. In exercising that discretion, the court considers the so-called *Kirpat* factors: (1) "a preliminary assessment of likelihood of success on the merits of the appeal"; (2) "whether the petitioner will suffer irreparable injury if the stay is not granted"; (3) "whether any other interested party will suffer substantial harm if the stay is granted"; and (4) "whether the public interest will be harmed if the stay is granted."[6] Because the

---

[3] *See generally* Mot.

[4] Defs.' Opp. to Pl.'s Mot. for Inj. Pending Appeal (Dkt. 279) ("Defs.' Opp.").

[5] Pl.'s Reply in Supp. of Mot. for Inj. Pending Appeal (Dkt. 280).

[6] *Kirpat, Inc. v. Delaware Alcoholic Beverage Control Comm'n*, 741 A.2d 356, 357 (Del. 1998) (citation omitted).

first factor "directs the trial court to assess the strength of its own reasoning and judgment, 'the "likelihood of success on appeal" prong cannot be interpreted literally or in a vacuum.'"[7]  Instead, the court considers the remaining factors before "assessing whether the movant has presented a question that raises a fair ground for review by our Supreme Court."[8]  I proceed accordingly.

Regarding the second factor, Kellner argues that he will suffer irreparable harm absent an injunction since AIM's annual meeting will occur before his appeal is resolved.[9]  But if Kellner prevails on appeal, he can pursue appropriate relief, such as a new vote on his nominees.[10]  Additionally, any harm Kellner may face is partly "self-inflicted" since he "chose to submit [his] nomination notice on the eve of the deadline set by the advance notice bylaw."[11]  Thus, this factor

---

[7] *Zhou v. Deng*, 2022 WL 1617218, at *2 (Del. Ch. May 23, 2022) (citing *Kirpat*, 741 A.2d at 358).

[8] *Rosenbaum v. CytoDyn Inc.*, 2021 WL 4890876, at *1 (Del. Ch. Oct. 20, 2021).

[9] Mot. ¶ 6.

[10] *See* Defs.' Opp. ¶ 19 (citing *Hammann v. Adamis Pharms. Corp.*, C.A. No. 2021-0506-PAF, at 16-18 (Del. Ch. July 1, 2021) (TRANSCRIPT) (declining to enjoin an annual meeting pending resolution of the case where the "Court could order a new meeting for the election of directors or could order the Company to allow plaintiff to run an opposing slate at next year's annual meeting")).  Kellner's press release about the Motion acknowledges this realty.  *See id.* Ex. 5.

[11] *CytoDyn*, 2021 WL 4890876, at *2; *see* Op. 84.

overwhelmingly disfavors an injunction—a conclusion compounded by Kellner's delay in filing the Motion.[12]

The third factor is a wash. On one hand, Kellner argues that the stockholder franchise will be harmed if his slate of nominees is not voted upon.[13] On the other hand, further delaying the annual meeting pending an uncertain appeal also impairs the franchise. And an injunction would deny AIM the benefit of its advance notice bylaws, which are intended to "permit orderly . . . election contests."[14]

The fourth factor is likewise in equipoise. Advance notice bylaws implicate the "'private interests of particular corporate constituencies,' not the public interest."[15] Any public interest in defending stockholder rights is counterbalanced by the corporate interest served by safeguarding advance notice bylaws.

Returning to the first factor, I agree that Kellner's appeal presents matters warranting thorough consideration. As the Opinion pointed out, the evolution of advance notice bylaws requires the court to "carefully balance the competing

---

[12] *See supra* note 3 and accompanying text.

[13] Mot. ¶ 6.

[14] *BlackRock Credit Allocation Income Tr. v. Saba Cap. Master Fund, Ltd.*, 224 A.3d 964, 980 (Del. 2020).

[15] *CytoDyn*, 2021 WL 4890876, at *3 (citing *Klassen v. Allegro Dev. Corp.*, 2013 WL 5967028, at *3 (Del. Ch. Nov. 17, 2013)).

interests at play."[16]  I endeavored to do just that in resolving Kellner's facial challenge by applying settled law to novel bylaw provisions adopted amid a looming proxy contest.

Yet Kellner's "as applied" challenge—the one serving as a gating matter for whether his nominees should be placed on the ballot—covers well-trodden ground. The resolution of that claim turned on factual findings that arrangements or understandings animating Kellner's nomination were obfuscated from AIM's board and stockholders.  Kellner was required to disclose these arrangements or understandings.[17]  He did not.  Moreover, given Kellner's concealment of meaningful information, I concluded that the Board acted reasonably in rejecting the notice to protect important corporate objectives that AIM's advance notice bylaws promote.  Kellner needed only to be forthcoming.  He was not.  As such, the first factor weighs in favor of denying the Motion.

---

[16] Op. 42.

[17] The AAU Provision of the Amended Bylaws was invalid insofar as it required disclosures about Stockholder Associated Persons.  Rather than reform the provision, I assessed whether Kellner disclosed information consistent with 2016 Bylaws, which were validly enacted on a clear day.  Op. 70-76.  I did not, as Kellner suggests, engage in "judicial reformation" of the bylaw.  Mot. ¶ 10(b).  Nor did I attempt to blue pencil it.  I considered whether Kellner withheld information about arrangements or understandings—disclosures required not only by legitimate aspects of the AAU Provision in the Amended Bylaws, but also expressly called for in the 2016 Bylaws.  The 2016 Bylaws did not present any additional disclosure requirements.  Irrespective of which set of bylaws applied, there is no doubt that Kellner and his counsel knew he needed to disclose the sort of arrangements or understandings that he obscured.

On balance, the *Kirpat* factors indicate that an injunction pending appeal is unwarranted. Nothing prevents Kellner from pursuing his appeal and seeking appropriate relief if he prevails. To enjoin the annual meeting, however, risks further inequity.

Sincerely yours,

*/s/ Lori W. Will*

Lori W. Will
Vice Chancellor