# IN THE SUPERIORCOURT OF THE STATE OF DELAWARE

BANC OF AMERICA FUNDING )
CORPORATION 2007-3, U.S. )
BANK NATIONAL ASSOCIATION, )
AS TRUSTEE ) C.A. No.: K24M-03-017 RLG
 )
        Plaintiff, )
 )
    v. )
 )
JAMES COPPEDGE AND )
KRISHNA JOHNSON )
 )
        Defendants. )

**Submitted: August 1, 2024**
**Decided: August 6, 2024**

## ORDER

**Upon Defendants' Petition to Stay Proceeding Due to Appeal – DENIED.**

Melanie J. Thompson, Esquire and Darlene Wyatt Blythe, Esquire, Orlans PC, Wilmington, Delaware. *Attorneys for Plaintiff.*

James Coppedge and Krishna Johnson, *Pro Se Defendants.*

**GREEN-STREETT, J.**

1

On July 23, 2024, Defendants James Coppedge and Krisha Johnson filed a "Petition to Stay the Proceeding Due to Appeals; Pursuant to Rule 62."[1] Defendants object to the Court granting Plaintiff Banc of America Funding's Writ of Possession regarding the property located at 52 Barkley Court, Dover, DE 19904 (the "Property").[2] As Defendants' petition lacks any merit, their petition is **DENIED**.

## I. Background

American Home Mortgage ("AHM") initially obtained judgment granting foreclosure on the Property on September 15, 2011.[3] The Delaware Supreme Court denied Defendants' appeal of that judgment, stating "[i]t is manifest on the face of the opening brief that this appeal is without merit because the issues presented on appeal are controlled by settled Delaware law."[4] Defendants filed for bankruptcy, leading to a stay of the sheriff's sale pending the resolution of that filing.[5] After dismissal of the bankruptcy filing, AHM reinitiated the sale process.[6] Defendants

---

[1] D.I. 19 (Jul. 23, 2024).

[2] See D.I. 1 (Mar. 13, 2024).

[3] See Coppedge v. U.S. Bank Nat. Ass'n, 35 A.3d 418 (Del. 2011) (TABLE) ("Coppedge 1").

[4] Id.

[5] Coppedge v. U.S. Bank Nat. Ass'n, 103 A.3d 514 (Del. 2014) (TABLE) ("Coppedge 2").

[6] Id.

filed a motion requesting a stay of any sale of the property.[7]  This Court denied that request, and the Delaware Supreme Court affirmed that decision.[8]

Since that decision, Defendants have filed approximately fourteen motions asking this Court to reconsider.[9]  Those requests have been denied.  Plaintiff acquired the Property via sheriff's sale on October 3, 2019.[10]  Defendants have remained on the Property since October 3, 2019.[11]  This Court granted Plaintiff's Writ of Possession on May 24, 2024, but stayed execution of that order for 90 days to allow Defendants time to make any necessary arrangements.[12]  Defendants responded by filing the instant motion.[13]

---

[7] Id.

[8] Id.

[9] See generally Case No.: K11L-02-042 NEP D.I. 53 (Defs.' Mot. to Void J., Apr. 10, 2015); D.I. 56 (Defs.' "Motion to Void Judgement [sic] Notice of Fault Opportunity to Cure [sic]," Apr. 21, 2015); D.I. 62 (Defs.' "Notice of Appeal to the United States Supreme Court Washington DC Supreme Court of DE [sic]," Apr. 24, 2015); D.I. 66 (Defs.' Mot. for Reconsideration, Apr. 30, 2015); D.I. 75 (Defs.' Mot. to Dismiss, Jul. 13, 2015); D.I. 82 (Defs.' Mot. to Quash, Feb. 23, 2016); D.I. 101 (Defs.' Mot. for Reconsideration and Stay of Proceedings, Jul. 25, 2017); D.I. 104 (Defs.' "Motion to Open Case Part 2 to Show Cause Why the Case must be Re-Opened with Petition to Dismiss [sic]," Aug. 3, 2017); D.I. 107 (Defs.' "Motion to Stay Proceeding to Enforce a Judgment Pending an Appeal to the Supreme Court," Oct. 27, 2017); D.I. 123 (Defs.' Mot. to Vacate Void Judgment, Sep. 10, 2019); D.I. 137 (Defs.' Letter to the Court, Sep. 17, 2019); D.I. 140 (Defs.' "Affidavit of Negative Argument," Sep. 24, 2019); D.I. 150 (Defs.' "Motion for Extraordinary Emergency Relief for Stay of the Proceedings," Sep. 26, 2019); D.I. 160 (Defs.' "Motion for Reconsideration to Dismiss Sheriff's Sale," Oct. 8, 2019).

[10] Petition for Writ of Possession, D.I. 1 (Mar. 13, 2024).

[11] Id.

[12] D.I. 13 (May 24, 2024).

[13] D.I. 19.

## II. Standard of Review

Superior Court Civil Rule 62 controls motions to stay judgment pending appeal.[14]  This Court must engage in a four-prong analysis to decide if the motion to stay should be granted.[15]  The Court should: (1) "make a preliminary assessment of the likelihood of success on the merits of the appeal;" (2) "assess whether the petitioner will suffer irreparable injury if the stay is not granted;" (3) "assess whether any other interested party will suffer substantial harm if the stay is granted;" and (4) "determine whether the public interest will be harmed if the stay is granted."[16]  If factors two, three, and four "strongly favor interim relief, the Court may grant a stay provided the petitioner "has presented a serious legal question that raises a fair ground for litigation[,] and thus for more deliberative investigation."[17]

## III. Analysis

### A. Defendants' appeal is unlikely to succeed on the merits

The Court finds Defendants' appeal unlikely to succeed.  Defendants list seven arguments in their petition, but fail to support any of those arguments with facts or

---

[14] Wells Fargo Bank, NA v. Banning, 2022 WL 4102233, at *1 (Del. Super. Sept. 7, 2022).

[15] Id. (citing Travelers Bank & Trust FSB v. Hayford, 2007 WL 3105753, at *1 (Del. Super. July 10, 2007)).

[16] Id. (citing Travelers Bank, 2007 WL 3105753, at *1).

[17] Kirpat, Inc. v. Delaware Alcoholic Beverage Control Comm'n, 741 A.2d 356, 358 (Del. 1998) (internal quotations omitted) (quoting Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc., 559 F.2d 841, 843 (D.C. Cir. 1977)).

4

legal authority. Instead, Defendants make conclusory statements and assert that Plaintiff's silence regarding an undocketed letter, allegedly filed on July 5, 2024, constitutes Plaintiff's "default and dishonor."[18] These statements appear to be similar to the "disjointed"[19] and "confusing"[20] claims Defendants advanced in prior appeals. As the Court cannot discern any meritorious arguments from Defendants' filings, it must conclude Defendants are unlikely to succeed on appeal.

## B. Defendants have presented no evidence that they will suffer irreparable injury, any other interested party will suffer substantial harm, nor that the public interest will be harmed

The Court finds that Defendants cannot satisfy any of the remaining three prongs of the applicable test. Turning to the second prong of the Court's analysis, Defendants have failed to show they will suffer irreparable harm should the Court deny their request for a stay. Defendants posit "[t]he unlawful cancellation of the Automatic Stay [sic] on [the Property] has caused me much hardship. I am left confused about many issues."[21] Defendants do not, however, elaborate on what hardship they have suffered or what issues form the basis of their confusion. Defendants, similarly, fail to show any other interested parties who will suffer

---

[18] D.I. 19 at 1-2.

[19] Coppedge 1 at 418.

[20] Coppedge 2 at 514.

[21] D.I. 19 at 1.

substantial harm.  Lastly, as to the fourth prong, Defendants have failed to show any public interest will be harmed by the Court's denial of the stay.  The Court has already granted Defendants a 90-day stay of execution to allow them time to organize their affairs.[22]  That stay remains in place, and assuages any allegations of Defendants suffering irreparable harm by the Court's denial of the instant motion.

## IV.   Conclusion

Defendants are unlikely to succeed on the merits of their appeal.  Defendants failed to show any irreparable harm they, the public, or any third party will suffer if a stay is not granted.  As none of the four prongs weigh in favor of granting a stay, Defendant's "Petition to Stay the Proceeding Due to Appeals; Pursuant to Rule 62" is **DENIED**.

**IT IS SO ORDERED.**

_____
Reneta L. Green-Streett, Judge

---

[22] See D.I. 14 (the Court notes this stay spans from May 22, 2024 to August 20, 2024.  Defendants filed their Petition to Stay the Proceeding on July 23, 2024).